The City of Des Moines v. Dorr.

THE CITY OF DES MOINES v. DORR.

Landlord and tenant: CONSTRUCTION OF LEASE. Where, in a lease of a city corner lot for business purposes, it was stipulated that the lessee should "pay all taxes assessed against the improvements placed by him on the premises, *and keep up the sidewalks in front of the same,*" it was *held,* that the liability of the lessee was not limited to the sidewalk at the main business front of the lot and buildings, and existing at the time of the lease, but extended to, and that he was liable to the city for the cost of construction of, a sidewalk, constructed in accordance with an ordinance of the city, petitioned for by the lessee and others, along the *side* of said lot on a street running parallel therewith.

*Appeal from Polk District Court.*

SATURDAY, JANUARY 28.

ON the 22d day of April, 1868, Hoyt Sherman was the owner of lots 5 and 6 in block 12 in the city of Des Moines. These lots originally surveyed and platted were each 66 feet wide on Sixth street, runing west 132 feet to an alley. Lot 5 was a corner lot, with a frontage of

VOL. XXXI.— 12

66 feet on Sixth street and 132 feet on Walnut street.   Lot 6 was the same size, with an alley along the north side. Sherman subdivided the two lots into lots of 22 feet in width on Walnut street, and 132 in length, and at the date before mentioned leased one of said lots, being one-sixth of lots 5 and 6 as they were originally. platted, to J. A. Banta, by written lease as follows:

." This·agreement of lease between Hoyt Sherman and J. A. Banta, of Polk county, Iowa, witnesseth: That the said Hoyt Sherman has leased to the said J. A. Banta, for the term of five (5) years, from the 1st day of May, 1868, for the consideration and subject to the conditions.hereinafter named, the following described premises, to wit: That part of lots 5 and 6, in block 12, as numbered in the original town of Fort Des Moines, Iowa, described as follows: Commencing on lot 5 at the corner of Walnut and Sixth streets, thence west *fronting* on. Walnut street 22 feet,· thence north 132 feet to an alley, thence east 22 feet to Sixth street, thence south along Sixth street 132 feet to place of beginning; it being the east one-sixth of said lots 5 and 6; and guarantees peaceable possession of said premises during the term leased, provided said Banta complies with the stipulations hereto agreed on·his part for the consideration above named.   The said J. A. Banta agrees to pay to said Sherman the sum of $350 per annum for the first three years, the value of said premises to be fixed at $3,500, and for the remaining two years the rate shall be fixed as follows: At the end of third year each of said parties hereto shall select one person, and the two named shall select a third, and the three, or a majority of them, shall determine the value of the lot leased, and 10 per cent of such valuation shall be the annual rental to be paid for the remaining two years; payments of rent to be made quarterly, on the 1st days of January, April, July and October of each year.   It is agreed that said Banta shall pay all taxes assessed against the improvements placed by him on said premises and keep up

the sidewalks in front of the same in accordance with ordinances of the city, and that said premises are to be used for residence or business purposes other than the sale of malt or spirituous liquors, or as saloons.    The said Banta reserves the right to remove all improvements at the expiration of this lease, provided he complies with the conditions of the same.    It is further agreed that if said Banta shall fail to make payments of any installment of rent when due, or otherwise violate any agreement of this lease, then the said Sherman shall have the right of entering upon and taking possession of the premises and declaring this lease forfeited.

{    $1.00   }   " Signed at Des Moines, in duplicate,
{ U. S. Stamp. }       this 22d day of April, 1868.

                         " HOYT SHERMAN.
                         " J. A. BANTA."

On the 18th day of July, 1868, Banta assigned his lease to the appellant, J. M. Dorr.    At the time of the lease to Banta there were no improvements on the premises leased to him.    Soon afterward Banta built a frame store-house on the corner of the lot, with the principal front entrance on Walnut street, and a side entrance on Sixth street. There has since been built on the leased premises a warehouse fronting on Sixth street, north of the storeroom. Also, north of the warehouse has been erected a shop used as a paint shop, fronting on Sixth street; and still further north on the lot has been built a small dwelling-house, fronting on Sixth street.

Some time in July, 1868, the city built a new sidewalk on Walnut street, in front of the leased premises, which Dorr paid for.    Subsequently Dorr and others petitioned the city council to order the construction of a sidewalk on Sixth street, adjoining the premises occupied by him under said lease; such petition is as follows:

*To the city council of Des Moines:*

GENTLEMEN:—The undersigned most respectfully ask

The City of Des Moines v. Dorr.

your honorable body to establish a sidewalk on the west side of Sixth street, between Mulberry and Sycamore streets, or along so much thereof as in your wisdom you may think necessary for the public convenience of foot passengers. Petitioners further represent that the sidewalk on the east side of said Sixth street is not sufficient to accommodate those who pass over the same; for passengers on said sidewalk are frequently crowded off of the walk, and into the street and mud. Petitioners further represent that many of the lots along west side of Sixth street, where said sidewalk is asked for, are used for business lots at very high rents, and that said sidewalk will be of great benefit to the lessees of said lots, as well as to the public generally, in getting to and from said places of business. Petitioners therefore ask that a sidewalk not less than eight feet wide, made of plank not less than two inches thick, be ordered on the west side of Sixth street, as above stated.

J. M. DORR, lessee of part of lots 5 and 6, in block 12, on said Sixth street.

A. W. VOODRY,        T. W. VINCENT,
FOSTER BROTHERS,     R. R. MAPLE,
J. D. RAMBO,         KUNTZ BROTHERS.
A. D. BOYD,

This petition was circulated by J. M. Dorr, and the signatures thereto were obtained by him. It was presented to the city council, by him, for its action, and a sidewalk as asked for in the petition was built by order of the city in pursuance of the petition.

For the building of this sidewalk Dorr refused to pay, and this action was brought against Hoyt Sherman, the owner, and J. M. Dorr, the lessee, of the premises fronting on the sidewalk. The court rendered judgment against Dorr for the cost of constructing the walk, and awarded a special execution for the sale of his interest in the leased premises to satisfy the judgment. J. M. Dorr appeals.

*C. H. Gatch* for the appellant.

*Seward Smith* for the appellee.

MILLER, J. — The only question presented for our determination is whether the appellant, J. M. Dorr, is liable for the payment of the cost of constructing the sidewalk on Sixth street in front of the leased premises.

These premises were situated at the intersection of Sixth and Walnut streets, being a corner lot with twenty-two feet front on the latter street, and one hundred and thirty-two feet fronting on the former. It will thus be seen that the lot had two fronts, as every corner lot necessarily has, because its *face is opposite to and fronts on* two different streets.

By the terms of the lease, the lessee agreed to "pay all taxes assessed against the improvements placed by him on said premises, *and keep up the sidewalks in front of the same in accordance with ordinances of the city.*" His agreement was not simply to keep up *a* sidewalk, but *the sidewalks;* more than one sidewalk was intended or the parties would not have used the plural noun. The *sidewalks in front* of the lot leased were to be kept up by the lessee. The front of a lot is very well known to be that part of the same which faces a street or streets. It may front on one street only or it may front on two. What is the front of a lot is a question determinable by its facing upon a public street or streets. In this case the lot in question faced upon two public streets. The lease required the lessee to keep up the *sidewalks* in front of the lot. The building of a sidewalk on Walnut street by him was not a full compliance of the agreement, if a walk was ordered by the city on the other front. Its scope is more comprehensive, including more than one sidewalk.

It is claimed however that the parties made their contract with reference to the sidewalk then existing, and that

this was on Walnut street only, therefore it was not intended to include any sidewalk on Sixth street. The evidence is conflicting to some extent as to the existence of a sidewalk on Sixth street. Sherman testifies that there was a sidewalk of gravel and coal cinders on Sixth street; that he employed Bowers to haul the material for the same. Bowers testifies to the fact that his team hauled the gravel and cinders for the walk, and that there was such a walk constructed along the east front of the lot on Sixth street. William Fahey also testifies to the fact of the walk being made, that he assisted in making it, and that it was made of surface gravel and cinders, two or three feet thick.

Appellant produced several witnesses who testified that they frequently passed along Sixth street, and that they had not seen any such sidewalk there.

In this state of the evidence we think the preponderance is in favor of the existence of a sidewalk on the east front of the lot. Without this evidence, however, we are of opinion that, by a fair and natural construction of the terms of the lease, the lessee of the premises bound himself to keep up such sidewalks in front of his lot as the city council should require. And the fact that, in describing the premises, they are said to be "fronting on Walnut street twenty-two feet," is not inconsistent with, and does not negative, the fact that they also front on Sixth street one hundred and thirty-two feet.

This construction seems to us to be also in accord with the equity of the case. This sidewalk was procured to be built through the active agency of the appellant. Through his efforts the city council was induced to order its construction, and its construction was asked by appellant for the reason, among others, of the great benefit that would result to himself as the lessee of the premises adjacent thereto.

The judgment is

Affirmed.