# S. H. WILBUR *et al.*

## *v.*

## THE CITY OF SPRINGFIELD.

*Filed at Springfield January 18, 1888.*

1. SPECIAL TAXATION *for local improvements—rule of uniformity not regarded—constitutionality.* An ordinance for the improvement of a street by special taxation of lots fronting thereon, in proportion to the number of feet frontage, is not in contravention of the constitution, as violating the principle of uniformity and equality required in taxation.

2. SAME—*ordinance—whether embracing more than one improvement.* The fact that an ordinance may embrace many streets and parts of streets required to be curbed and paved, will not necessarily render the same void, as embracing more than one improvement.

3. The fact that the ordinance in some sections speaks of the improvement to be made as "improvements," is not sufficient, of itself, to show that several distinct improvements are proposed. The court will rather look to the entire ordinance, and find from the language used, in connection with the object sought to be attained, the intent of the law makers, and give it effect. So where the whole scope of the ordinance appears to be to provide for a single scheme of improvement, the use of the word "improvements" in some parts, will not control in the construction of the ordinance.

4. SAME—*abutting lots—inside lots not included—an ordinance construed.* An ordinance for the improvement of certain streets, which provides for the levy, assessment and collection of the cost upon the lots, parts of lots and lands upon the streets or parts of streets to be improved, in proportion to the frontage upon such streets, etc., will be held to apply only to the lots or parts of lots bounded by the lines of the streets severally to be improved, and not to inside lots not abutting upon such streets.

5. SAME—*omission to provide for a levy and assessment in respect to a part of a proposed improvement.* Although an ordinance proposes certain improvements in respect to a portion of which it omits to provide for any levy or assessment, the mere fact of such omission will not invalidate a levy or assessment which is provided for in respect to other and distinct portions of the improvement proposed,—as, if it be proposed to pave certain streets and alleys, but the ordinance provides for a levy only for the paving of the streets, that levy will be good.

6. ORDINANCE—*invalid in part and enforcible as to the residue.* It is a well settled principle, applicable to by-laws and ordinances, that if a

123 395
130 523
130 581

123 395
145 322

123 395
149 634
150 84
151 459
152 117
153 655
155 395

123 395
52a 434

123 395
165 155

123 395
74a 521

123 395
177 168

123 395
179 207

123 395
180 207

123 395
183 56

123 395
185 444

123 395
202 ⁶310

123 395
203 ² 17

123 395
208 ³367
208 ³368

provision relating to one subject matter be void and as to another it be valid, and the two are not necessarily or inseparably connected, it may be enforced as to the valid portion, as if the void part had been omitted.

7. If an ordinance is void, so far as it proposes the paving of alleys, so that no special tax can be properly levied against lots abutting on such alleys, it does not follow that it is void as to the levy of such tax for the improvement of the street named therein.

WRIT OF ERROR to the County Court of Sangamon county; the Hon. JAMES H. MATHENY, Judge, presiding.

Messrs. McCLERNAND & KEYES, and Mr. L. H. BRADLEY, for the plaintiffs in error:

As to the constitutionality of article 9, section 18, chapter 24, of the Revised Statutes, and the ordinance thereunder, see State Const. art. 9, sec. 9; art. 2, sec. 1; art. 2, sec. 2; art. 2, sec. 19; art. 9, secs. 1, 2, 6; Rev. Stat. chap. 24, sec. 116; Cooley's Const. Lim. (4th ed.) 440, 362; *Johnson* v. *Jones,* 42 Ill. 142; *Anderson* v. *Railroad Co.* 117 id. 28.

As to special taxation, see *Enos* v. *Springfield,* 113 Ill. 65; *Galesburg* v. *Searles,* 114 id. 217; *White* v. *People,* 94 id. 604; *Craw* v. *Tolono,* 96 id. 256; Rev. Stat. chap. 24, sec. 115.

The ordinance, in terms, embraces more than one improvement, and is therefore void. *Ricketts* v. *Hyde Park,* 85 Ill. 110; *People* v. *Sherman,* 83 id. 167; *Watson* v. *Chicago,* 115 id. 78; *Prout* v. *People,* 83 id. 158.

Section 7 of the ordinance providing for the levy of the special tax, does not authorize any levy of a special tax to be made for paving a single alley or part of an alley, which shows that the several proposed improvements are not to be treated as one improvement. The ordinance should be construed strictly.

The ordinance does not make provision for assessing the special tax against corner lots, as contradistinguished from inside lots, but treats all property as fronting on streets, whether the side or end abuts the streets.

Some of the streets are ordered to be paved to the width of twenty-four feet, others to the width of thirty feet, and others to the width of thirty-six and thirty-eight feet, and requires the railway companies to pave only one foot outside their tracks, instead of half the street.  *Chicago* v. *Baer,* 41 Ill. 306; 60 id. 441; 2 Desty on Taxation, 1246.

Mr. JOSEPH M. GROUT, and Mr. CLINTON L. CONKLING, for the defendant in error:

As to the constitutionality of special taxation by frontage, see *Springfield* v. *Green,* 120 Ill. 269; *White* v. *People,* 94 id. 604; *Craw* v. *Tolono,* 96 id. 255; *Bigelow* v. *Chicago,* 90 id. 53; *Fagan* v. *Chicago,* 84 id. 234; *Enos* v. *Springfield,* 113 id. 65; *Galesburg* v. *Searles,* 114 id. 217; *Watson* v. *Chicago,* 115 id. 78; *Sterling* v. *Galt,* 117 id. 15.

While many streets and parts of streets are embraced in the ordinance, they are all but parts of the same improvement. *Green's case, supra,* and cases there cited, which effectually disposes of all the points raised here.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

The city of Springfield, February 16, 1885, adopted an ordinance providing for the paving and curbing of certain specified parts of streets and alleys in said city, particularly specifying the materials to be used and the manner of construction of such paving and curbing.   Section 4 of the ordinance provided that all portions of said streets, and parts of said streets and alleys, included in the right of way of any steam, horse or street railway company, being the space between the rails of their tracks and one foot on the outside of such rails, should be paved in the same manner as other portions of said streets, but at the expense of said railway company, and to be paid at the same time as the payment of the special taxes by the ordinance ordered.   The cost of paving the alley and street in-

tersections and crossings, it was provided, should be included in the annual appropriation bills, and paid by general taxation. The remainder of the cost and expense of the improvements so ordered, it was provided, should be paid by special taxation, and for that purpose a special tax was, by the ordinance, ordered to be levied, assessed and collected upon the lots and parts of lots upon the streets and parts of streets ordered to be paved, in proportion to the frontage thereof on such streets or parts of streets, "equal in amount to the whole cost of paving that portion of said streets or parts of streets, and not included in the intersections and crossings aforesaid, nor in the right of way of any steam, horse or street railway company." Such proceedings were had that the report of the commissioners appointed by said ordinance was confirmed by the county court, over the objection of plaintiffs in error, and the record is brought here by them for review. Motions were made by plaintiffs in error, in the county court, to dismiss the proceedings for confirmation. It will not be necessary to consider such motion separately, for the reason that no question is raised thereby that does not arise upon the record.

The first ground urged by counsel for plaintiffs in error for reversal of the judgment of the county court, is, that an ordinance providing for improvements by special taxation in the manner here provided, is in contravention of the constitution, and therefore void. Had the able and exhaustive argument of counsel not been before pressed upon the attention of this court, and met, as it must be again, by the fact that this court, in numerous cases, has settled the doctrine adversely to the contention of counsel, we should feel called upon to give it greater consideration than we can now do. This question was fully considered and settled in the cases of *City of Springfield* v. *Green,* 120 Ill. 269; *City of Sterling* v. *Galt,* 117 id. 15; *Galesburg* v. *Searles,* 114 id. 217; *Watson* v. *City of Chicago,* 115 id. 78; *Enos* v. *City of Springfield,* 113 id. 65; *White* v. *The People ex rel.* 94 id. 604; *Craw* v. *Tolono,* 96

id. 255; *Bigelow* v. *City of Chicago*, 90 id. 53; *Fagan* v. *City of Chicago*, 84 id. 234. No further discussion of this contention, however inviting it may be, would be profitable, in view of these repeated decisions.

It is further insisted by counsel, that the ordinance is void, because it embraces more than one improvement. While it is true that the ordinance, in this case, uses the word "improvements" in some of the sections, an inspection of the ordinance shows that it differs in no essential respect from that before this court in *City of Springfield* v. *Green*, before referred to. The character of the improvement to be made is, in all essential particulars, identical in both cases, and it was there said: "While many streets and parts of streets are embraced in the scheme of improvement adopted by the city, yet we regard them all as but parts of the same improvement. The city authorities, in adopting the ordinance, must have found, as a matter of fact, that these streets and parts of streets were so similarly situated, with respect to the improvement proposed to be made, as to justify treating them as parts of a common enterprise and single improvement, and from the record before us we think they were justified in doing so. They were all to be paved with the same material and in the same way, and the fact that there was a difference of a few feet in the width of some of them, and that the cost of paving the railway tracks in others was to be excluded from the estimate, should, in our opinion, make no difference in this respect. The similarity in the improvement proposed to be made, and the situation of the property to be assessed with respect to it, afford a more satisfactory test as to whether they might all be embraced in a common scheme as one improvement, than their actual connection or physical contact with one another." The language employed is alike applicable to the case at bar. See, also, *Murphy* v. *The People*, 120 Ill. 234; *Prout* v. *The People*, 83 id. 155; *The People* v. *Sherman*, id. 167; *Ricketts* v. *Hyde Park*, 85 id. 110.

It is, however, contended, in this case, that the improvement to be made under the ordinance was regarded by the city council as a separate improvement upon each of the streets and alleys named in the ordinance. This argument is founded upon the fact that the city council, in some sections of the ordinance, speak of the improvement to be made, as "improvements," using the plural form of the word. This argument does not strike us with convincing force. The whole scope of the ordinance, as we have held, is to provide for a single scheme of improvement, and we are not prepared to hold that the use of the plural form of expression by the council in some sections, while in other sections they use the singular form of the word, can or ought to be regarded as controlling. The rules of construction require us to find from the language used, in connection with the object sought to be attained, the intent of the law maker, and, when this is found, to give it effect. We can not give this single circumstance so much weight and significance as to absolutely control us in our interpretation of this ordinance, and thereby take this case out of the rule announced in previous like cases. Such holding would, in our judgment, do violence to the ordinary and accepted rules of construction.

The next contention in order, stated in the language of counsel, is, that the ordinance "does not make provision for assessing the special tax against corner lots, as contradistinguished from inside lots, but treats all property as fronting on the street, whether the side or end abuts on the street." The precise question here raised was before us in *City of Springfield* v. *Green, supra,* and was there determined adversely to the contention of counsel; and although it appears that there is a difference in the language in the ordinances in the two cases, in this, that in this ordinance the tax is to be levied, assessed and collected upon the lots, parts of lots and lands upon the streets or parts of streets to be improved, in proportion to the frontage upon such streets, etc., the tax in the *Green case* was

to be levied, etc., upon the real estate, lots and parts of lots and tracts of land abutting upon the line of said streets or parts of streets proposed to be paved, in proportion to the frontage upon said streets, etc. In the *Green case* it was held that abutting lots, etc., were lots upon the line of the street; and in this case it must also be held that lots upon the street are none other than those upon the line of the street. This being so, the decision in that case is decisive of the question here. The purpose of all construction is to ascertain the intention of the law making power, that effect may be given thereto. It is apparent, from the ordinance, and from the record, that each of the lots and parts of lots against which the assessment was to be and was made, was bounded by the lines of the streets severally to be improved, upon which such lots or parts of lots fronted or abutted; and it is impossible that the language employed could have applied to any other lot, parts of lots or tracts of land.

The only remaining contention against the validity of these proceedings which we should notice, is, that while the first section of the ordinance proposes the improvement of certain streets, parts of streets and alleys, the seventh section of the ordinance, and the one providing for the levy, assessment and collection of the special tax, omits the word "alley," and seems to confine the assessment to lots upon streets, etc. There is, by this section, levied a special tax to pay for said improvement, (after deducting street and alley intersections and railway tracks, as before mentioned,) equal to the whole amount of the cost of paving that portion of the streets or parts of streets not included in said intersections and railway tracks; and said special tax, it is ordained, "is hereby ordered to be levied, assessed and collected upon and from each of said lots, parts of lots and tracts of land, in proportion to the frontage thereof upon the streets or parts of streets ordered to be paved, as aforesaid." If, as contended by counsel, the alleys, as pro-

26—123 ILL.

vided for in the first section, are not covered by the words, "said street or streets," as used in this seventh section, which it is not necessary for us here to determine, it follows that no levy whatever was made for paving the alleys. The only tax levied against lots or parts of lots is for the purpose of paving "that portion of said streets or parts of streets not included in the intersections," etc. Without determining either of the questions seemingly raised by this position, it affirmatively appears that there was levied against the lots of plaintiffs in error, the expense, only, of paving the streets upon which they abutted, and by the line of which they were bounded. There is no special tax for the paving of an alley assessed or proposed to be assessed against their property, directly or indirectly, and they can not be heard to complain of that which does them no injury? If it be conceded that this ordinance is void, as to the improvement, so far as it proposes the paving of alleys, so that no tax was properly levied against lots abutting on such alleys, it does not follow that it is therefore void as to the levying of said tax for the improvement of the streets designated, for it is a well settled principle, applicable to by-laws and ordinances, that if the provision relating to one subject matter be void, and as to another it be valid, and the two are not necessarily or inseparably connected, it may be enforced as to the valid portion as if the void portion had been omitted.

For the reasons stated, the judgment of the county court of Sangamon county will be affirmed.

*Judgment affirmed.*