THE STANDARD OIL COMPANY, (Indiana,) Appellant, *vs.*
PAUL M. KAMRADT *et al.* Appellees.

*Opinion filed October 28, 1925—Rehearing denied December 3, 1925.*

1. MUNICIPAL CORPORATIONS—*general rule as to construction of
words ·in an ordinance or statute.*   Whenever the meaning of a
word used in a statute or ordinance becomes a subject of contro-
versy in a legal proceeding, the ascertainment of its strict primary
significance is not so much a matter of importance as the sense in
which it was used by the legislative body, and the latter must con-
trol even though the word has been used without regard to its ap-
propriate and primary meaning, where such intention appears from
·the ordinance.

2. SAME—*construction of ordinance requiring frontage consent
for erection of oil station.*   An ordinance requiring "the written
consents of the property owners representing the majority of the
total frontage, in feet, of any lot or plot of ground" within 200 feet
before an oil station can be erected for the sale of gasoline, is not
intended to give all property owners within a radius of 200 feet an
equal voice in the matter of consent, but the reference to the ma-
jority of total frontage, in feet, includes frontage of corner lots
abutting on two streets within the prescribed area, in the absence
of language indicating a contrary intention.

3. WORDS AND PHRASES—*meaning of the word "frontage."*   The
term "frontage," unless a special meaning must be given it by rea-
son of the language of a particular ordinance, may be defined as
the line of demarkation between private property and that open to
the general use of the public, such as a street, stream or park, and
where two sides of such property face or abut upon a street or
streets, stream or park, it has frontage on both sides.

APPEAL from the Second Division of the Appellate
Court for the First District;—heard in that court on ap-
peal from the Superior Court of Cook county; the Hon.
TIMOTHY D. HURLEY, Judge, presiding.

MARTYN, DAUGHERTY, FELLINGHAM & GREEN, (ROY S.
GASKILL, of counsel,) for appellant.

SAMUEL K. MARKMAN, City Attorney, (OSCAR H. OL-
SEN, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant filed in the superior court of Cook county a petition for *mandamus* against appellees, the mayor and members of the city council of Calumet City, to compel them to issue a permit for the installation of a gasoline station, consisting of metal tanks and equipment, on the premises of appellant at the corner of Sibley street and State Line avenue, in said city. Appellees defended on the ground that appellant had not secured the necessary frontage consents, in accordance with the requirements of a city ordinance. The superior court found for appellees and dismissed the petition. On appeal to the Appellate Court the judgment of the superior court was affirmed and a certificate of importance issued, and the cause comes here for review.

Section 5 of the ordinance relating to such permits is as follows: "It shall be unlawful to install any tank or tanks for the storage of any of the liquids mentioned in section 2 in any lot or plot of ground without first obtaining the written consents of the property owners representing the majority of the total frontage in feet of any lot or plot of ground lying wholly or in part within lines two hundred (200) feet distant from and parallel to the boundaries of the lot or plot of ground upon which said tank or tanks is or are to be installed; provided, however, that for the purpose of this ordinance only the frontage of any such lot or plot of ground as comes within the two hundred (200) feet limit herein prescribed shall be considered; and provided further, that any and all petitions containing such consents of property owners shall be based on and contain the legal description of the property affected. These provisions shall not be applicable to the installation of a tank or tanks containing any of the oils referred to in section 2 when such oils are to be used in connection with garages or manufacturing plants where such oils are in-

cidental to the business conducted or oils used for fuel purposes."

The controversy arising in this case relates to the construction of this ordinance, and the question is whether the word "frontage" is to be construed to include two sides of a corner lot, or whether it is to include only that portion of the lot abutting on the street on which the adjacent lots of the block face. Applied concretely, the controversy arises over whether lot 22, in block 7, which is of a depth of 107.7 feet on State Line avenue by 20 feet on Sibley street, can be considered, so far as the permit is concerned, as having 127.7 feet frontage, or whether it has but 20 feet, this being the frontage on Sibley street, on which this lot and lot 21, adjacent to it, face. If the former, appellant has sufficient frontage consents and the writ should issue; if the latter, it has not.

It is said that whenever the meaning of a word used in a statute or ordinance becomes a subject of controversy in a legal proceeding, the ascertainment of its strict primary signification is not so much a matter of importance as the sense in which it was used by the legislative body, and that the latter must control even though the word has been used without regard to its appropriate and primary meaning, where such intention appears from the act or ordinance. This is the rule. *City of Springfield* v. *Green,* 120 Ill. 269.

Appellees contend, however, that the intention of the city council as expressed in the ordinance is that "frontage" shall apply only to one dimension, and means frontage only upon the street on which the lots adjacent have frontage. The ordinance is evidently based on the idea that the storage of inflammable material tends to depreciate the value of neighboring property. By its terms the ordinance fixes the limits of property that might be affected and prescribes the basis upon which consent to the installation of an oil station should be determined. Appellees contend that such basis is fixed upon the amount of the property affected, so that

each owner may have a proportionate voice in determining whether or not an oil station may be installed, and that to permit one owning a corner lot to file a consent representing frontage on both sides of his lot is to give such person an advantage over one owning an adjoining lot of the same size which abuts on but one street.

We are of the opinion that it cannot be held that the intention of this ordinance is to give all property owners within the radius of 200 feet an equal voice in the matter of consent, for, obviously, not all property would be equally affected in its value. Lot frontage was defined in *City of DesMoines* v. *Dorr,* 31 Iowa, 89, to be that part of a lot which faces on a street or streets. It may face on one street, only, or on two. A corner lot faces on two streets, and it was therefore held that such lot has frontage on both streets. *Morrison* v. *Hershire,* 32 Iowa, 271, was a case of local improvement by special taxation, and it was objected that the corner lot should not be required to pay for the improvement for the entire extent to which it abutted thereon, but it was held that such a lot has a double frontage and was properly taxed for the frontage on both streets, as the improvement abutting on the lot was on both streets. In *Waters* v. *Collins,* 70 Atl. (N. J.) 985, in construing a building line restriction, it was held that a lot fronts on a street when it lies face to face with or opposite to a street; that where it so lies with reference to two streets it fronts on both. So it was also held in *Elder* v. *Cassilly,* 54 S. W. (Ky.) 836. In *Wilbur* v. *City of Springfield,* 123 Ill. 395, where an improvement by special taxation was ordered, it was held that a lot may be said to front upon a street on which it abuts, and that its line of frontage is marked by the lines of the streets adjacent to it. This was also the holding in *City of Springfield* v. *Green, supra.*

The term "frontage," unless a special meaning must be given it by reason of language in the particular ordinance, may be defined as the line of demarkation between private

property and that open to the general use of the public, such as a street, stream or park. Where two sides of property face or abut upon streets, streams or parks it must be said to have frontage on both sides.

We are unable to find in this ordinance that which indicates a legislative intent contrary to the general usage of the language. Nor is there to be found in the purpose of the ordinance any such difference. While it is true that the owner of lot 22 in this case, fronting on Sibley street and State Line avenue, is more effective in giving or withholding his consent to the proposed oil station than is the owner of lot 21, fronting only on Sibley street, it cannot be said that damages from or depreciation of the property must be the same on both lots. A different number, character and type of buildings might be used on the lot fronting on two streets than can be placed on an adjacent inside lot. Moreover, such a lot is ordinarily more valuable and must bear more of the expense of a local improvement. Such a lot cannot be said to be similar to lots in the middle of the block or similarly affected by an oil station. There is therefore no reason apparent from the ordinance itself why the ordinary usage and definition of the language of the ordinance should not be applied. So applying it, we have no doubt as to its meaning. When the ordinance referred to the majority of the total frontage in feet, such frontage included frontage of corner lots abutting on both streets within the area prescribed by the ordinance. This being true, it was error on the part of the court to refuse to award the writ.

The judgment of the Appellate Court is therefore reversed and the cause remanded to the superior court, with directions to award the writ as prayed in the petition.

*Reversed and remanded, with directions.*