

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

> Opinion No. O-2062
> Re: Section 25(a), Article I of the
> Texas Liquor Control Act

Your request for opinion has been received and carefully considered by this department. We quote from your letter of request as follows:

> "Section 25. (a), Page 26, Article I of the Texas Liquor Control Act reads in part as follows:
>
>> "'Such city or town may prohibit the sale of alcoholic beverages by any dealer where the place of business of any such dealer is within three hundred (300) feet of any church, public school or public hospital, the measurements to be along the property lines of the street fronts and from front door to front door and in direct line across intersection where they occur.'
>
> "A certain permittee has requested the transfer of his permit from one location to another. His application for transfer has been protested on the ground that the new location would be within three hundred feet of a church. It is agreed by the applicant and the protestant that the city where this permit is located has a valid ordinance prohibiting the location of a liquor establishment within three hundred feet of a church.

Hon. Bert Ford, Page 2

"I have before me the sworn statement of the County Surveyor of the County where said permit is located, which reads as follows:

"'That, I am the County Surveyor for Wichita County, and have made a measurement from the center of the West door of the Salvation Army Citadel located at 810 7th Street, Wichita Falls, Texas, to the Front door of the premises located at 702-A Scott Street, Wichita Falls, Texas, and find it to be Three Hundred and five-tenths (300.5) and, that, this measurement was made to conform to Section 25(a), Article I, of the Texas Liquor Control Act.'

"The building, a part of which is used for a church, has two stories. The lower floor has what is designated as a west door which opens from the street directly into the chapel. No part of the building is used for church purposes except the chapel, which is on the lower floor. The west door mentioned above is the door referred to in the affidavit of the County Surveyor.

"The building also has another door opening from the street, known as the east door, which does not open directly into the chapel, but opens into a hall from which the stairs lead to the second floor. There is also another door from the hall which leads into the chapel. The second story of the building, it is agreed, is not used for church purposes. It is also agreed by all concerned that the east door is within three hundred feet of the proposed liquor store location.

"Does the front door in this case mean the door leading from the street directly into the chapel, or does it mean the other

Hon. Bert Ford, Page 3

door which opens into the hall, from which
another door leads into the chapel? In
other words, is the Administrator justified
in finding which door is the main door to
the chapel, or does the word 'front door'
mean any door to the building?"

Article 666-25a, Vernon's Annotated Penal Code
reads as follows:

"The Commissioners' Court of any county
in the territory thereof outside incorporated
cities and towns and the governing authori-
ties of any city or town within the corporate
limits of any such city or town may prohibit
the sale of alcoholic beverages by any dealer
where the place of business of any such dealer
is within three hundred (300) feet of any
church, public school or public hospital, the
measurements to be along the property lines
of the street fronts and from front door to
front door and in direct line across intersec-
tions where they occur."

As we construe your opinion request you are pri-
marily interested in determining which door or doors of the
premises described constitute the "front door" or "front
doors" of said premises in accordance with Section 25(a)
of Article I of the Texas Liquor Control Act.

The question is not without difficulty and we
have been unable to find any case which contains a defini-
tion of the term "front door". However, we shall illus-
trate how the courts have construed the term "front" in
various situations.

"The front of a lot, is very well known
to be that part of the same which faces a
street or streets. It may front on one street
only or it may front on two. What is the front
of a lot is determinable by its facing upon a
public street or streets." Des Voines vs.
Dorr, 31 Iowa 89, 93.

Hon. Bert Ford, Page 4

> "Any side or face of a building is the
> front, although the word is more commonly
> used to denote the entrance side.... Back-
> front, rear-front, or four fronts of a house
> are all terms in common use - and there is
> no reason why a building should not 'front'
> on two, three or four streets, or that two,
> three or four streets should not be 'in front
> thereof'; all such streets would, I think,
> 'confront' the building." Re Dinnick, 3 Ont
> W N 1061 - Note 4(a) 27 Corpus Juris, page
> 910.

> "The 'front property line', within the
> restriction of deeds of property platted
> into lots that no building shall be erected
> within 20 feet of the front property line
> of any street, includes, in the case of a
> corner lot, the line of the street on which
> is the side of the lot, as well as the line
> of the street on which the lot faces."
> Waters vs. Collins (N. J. Ch.) 70 Atl. 984,
> citing Des Moines vs. Dorr, 31 Iowa, 89, 93.

We think the term "front door" should be con-
strued so as to give effect to the language used in Sec-
tion 25 (a) of Article 2 of the Texas Liquor Control Act
and so as to give effect to the evident intention of the
legislature in the passage of the act. In accordance
with such construction we think it was the intention of
the legislature to allow the governing authority of
cities, towns and counties the right to prohibit the sale
of alcoholic beverages by any dealer where the place of
business of such dealer was within the prohibited distance
from a church, public school or hospital, using the basis
of measurement outlined by the statute.

We think the term "front door" as used in said
statute means any outside entrance door facing or front-
ing a public street. Therefore a church, school, hospital
or liquor dealer's place of business could have one or
more "front doors", dependent upon the facts in the case.
We think there should be at least 300 feet between the

Hon. Bert Ford, Page 5

"front door" or any of the "front doors" of such places, using the system of measurement outlined by the statute.

With reference to the facts stated in your letter we are of the opinion that the "West door of the chapel", as referred to in your letter, is the "front door" of said chapel.

You state in your letter that the building is a two-story building and that no part of the building is used for church purposes except the chapel which is on the lower floor. You also state that the building has another door opening from the street known as the "east door", which does not open directly into the chapel, but opens into a hall from which the stairs lead to the second floor. There is also another door which leads from the hall into the chapel. We think that the "east door" described in your letter is not a part of the chapel and is not a "front door" of the chapel. We think that the inner door leading from the hall into the chapel is not a "front door" of the chapel because the same is not an outside door facing the street.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By _____
Wm. J. Fanning
Assistant

WJF:AW

APPROVED MAR 19, 1940

_____
ATTORNEY GENERAL OF TEXAS

