BERGMAN *et al.* v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant.*

1. **Negligence**: RAILROAD TRACK : CITY ORDINANCE. Notwithstanding a person is guilty of negligence in going on a railroad track without looking or listening for a train, when he could have seen or heard it if he had so looked or listened, still the company will be liable for his death caused by backing its train on him, if it could have avoided the accident by having observed the provisions of an ordinance of the city in which the accident occurred, requiring it to have a man stationed on the end of its train to give danger signals when backing through the city.

2. ———— : ———— : RECOVERY NOTWITHSTANDING FAILURE TO LOOK AND LISTEN. While it was negligence on the part of the deceased to go on the track without looking or listening for a train, the railroad is still liable notwithstanding that fact, if it either knew, or might have known, by the exercise of ordinary diligence of the danger of the deceased in time to have prevented the accident.

3. **Charter of St. Louis City**: ORDINANCE. The provision in the charter of the city of St. Louis that "no bill shall contain more than one subject, which must be clearly expressed in its title," was intended to prevent the practice of joining in the same ordinance incongruous subjects having no relation or connection with each other, and foreign to the subject embraced in the title.

4. ———. It does not prevent uniting in the bill matters germane to the general subject expressed in its title.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Bennett Pike* for appellant.

(1) The demurrer to the evidence at the close of plaintiffs' case should have been sustained on the ground of deceased's contributory negligence. *Fletcher v. Ry. Co.*, 64 Mo. 484; *Nelson v. Ry. Co.*, 68 Mo. 593; *Hicks v. Ry. Co.*, 64 Mo. 436; *Harlan v. Ry. Co.*, 65 Mo. 22; *O'Neill v. Ry. Co.*, 45 Iowa, 646; *Ry. Co. v. Patterson*, 93 Ill. 195; *Thomas v. Ry. Co.*, 51 Miss. 637; *Wood v. Ry. Co.*, 70 N. Y. 195; *Ry. Co. v. Hasbon*, 4 Broome, 149; *Runyan v. Ry. Co.*, 1 Dutch. 357; *Ry. Co. v. Still*, 19 Ill. 508; *Ry. Co. v. Heilman*, 49 Pa. 62; *Ry. Co. v. Hunter, Adm'r*, 33 Ind. 336; *Drain v. Ry. Co.*, 10 Mo. App. 531; *Ry. Co. v. Houston*, 95 U. S. 697; *Lennix v. Ry. Co.*, 76 Mo. 86; 1 Thompson on Negligence, 426; *Garton v. Ry. Co.*, 45 N. Y. 662. (2) The demurrer to the evidence should have been sustained, because plaintiffs relied solely for their ground of recovery upon the violation of section two of ordinance number 10,305, entitled, "An ordinance to regulate the speed, within the limits of the city of St. Louis, of cars and locomotives propelled by steam power," which said section is unconstitutional and void. Cooley's Const. Lim. [5 Ed.] p. 178, sec. 5, side paging 148; *Mewhater v. Price*, 11 Ind. 199; *Igoe v. State*, 14 Ind. 239; *State v. Young*, 47 Ind. 150; *Ryerson v. Utley*, 16 Mich. 349; *Bridge Co. v.*

*Olmstead,* 41 Ala. 9; *People v. Delaney,* 20 Mich. 349; *Weaver v. Lapsley,* 43 Ala. 224; *Jones v. Thompson,* 12 Bush, 394; *Bushing v. Lebree,* 12 Bush, 198; *State v. Kinsella,* 14 Minn. 524; *Cutlip v. Sheriff,* 3 W. Va. 588; *State v. Squires,* 26 Iowa, 340; *State v. Lafayette Co. Ct.,* 41 Mo. 39; *State v. Bankers' Ass'n,* 23 Kan. 501; *Failing v. Commissioners,* 53 Barb. 70; *City of Kansas v. Payne,* 71 Mo. 159; Dillon on Mun. Corp., secs. 226, 246; *Bartlett v. O'Donoghue,* 72 Mo. 563. (3) The court committed error in refusing to give the instructions asked by defendant, numbered one, two, three, six, eight, and nine. (4) The instructions given by the court on its own motion were erroneous. *Zimmerman v. Ry. Co.,* 71 Mo. 476; *Ry. Co. v. Houston,* 95 U. S. 697.

*Louis Gottschalk* for respondent.

(1) There was no objection to the introduction of the ordinance number 10,305, which is now attacked for the first time, and, therefore, any objections, even if they existed, are waived. *Dunkman v. Ry. Co.,* 16 Mo. App. 648; *Chaffee v. Ry. Co.,* 64 Mo. 193; *Lohert v. Buchanan,* 50 Mo. 201. But this ordinance is constitutional and complies with the requirements of the charter. *In re Burriss,* 66 Mo. 446; *City v. Tiefel,* 42 Mo. 578; *State v. Matthews,* 44 Mo. 523; *State v. Miller,* 45 Mo. 495; Cooley on Const. Lim. [3 Ed.] 200, 576; Dillon on Mun. Corp. [3 Ed.] secs. 393, 713. (2) The instructions were correct and the verdict right, and no well founded objections to any evidence were made. *Eckert v. Ry. Co.,* 13 Mo. App. —; *Frick v. Ry. Co.,* 64 Mo.; 75 Mo. 595; *Kelly v. Ry. Co.,* 75 Mo. 138; *Scoville v. Ry. Co.,* 81 Mo. 434; *Welsh v. Jackson,* 81 Mo. 466; *Davis v. Ry. Co.,* 46 Am. Rep. 667; *Barry v. Ry. Co.,* 92 N. Y. 289; *Bennett v. Ry. Co.,* 102 U. S. 577.

NORTON, J.—Plaintiffs brought this suit to recover

damages for the death of their minor son, Cornelius Bergman, who, it is alleged, was killed by being run over by defendant's cars while walking on Front street, in the city of St. Louis, along which the tracks of defendant's railway run. The defence was contributory negligence. Plaintiffs obtained judgment in the circuit court, which, on appeal to the St. Louis court of appeals, was affirmed *pro forma*, and the cause is before us on defendant's appeal.

At the close of plaintiffs' evidence, defendant asked the court to instruct the jury that, under the pleadings and evidence, plaintiffs were not entitled to recover. The instruction was refused, and this action of the court is assigned as the first ground of error. It appears, from the evidence, that defendant had three tracks along Front street, in the city of St. Louis, between Harney and Bryant streets, and that on the morning plaintiffs' son, who was about eighteen years of age, was run over and killed, he, in company with another youth, was walking on the eastern track in a northwardly direction, when on the approach of a passenger train moving southwardly on the same track, he, with his companion, stepped off the east track on to the middle track, and continued walking northwardly on said track; that when they stepped off the east track on to the middle track, there was a freight train backing up on the middle track consisting of an engine and five or six freight cars, at a distance south of the point where the son of plaintiffs went upon said track, variously estimated by the witnesses to be from one hundred and fifty to six hundred feet. The backing train was moving at three, four, or five miles an hour. The evidence showed that neither of these youths, when they stepped from the eastern to the middle track, listened or looked to see whether any train was on said track approaching from the south, that if they had looked the freight train could have been seen by them. It also shows that after they got on said track they con-

tinued their walk northwa·· 1 till both were run over and killed by the backing freight train, without looking back, and that if they had looked back they could have seen the train.

It was also shown by plaintiffs' evidence that by an ordinance of said city it is provided that in moving cars in the city limits propelled by steam, the bell of the engine shall be constantly sounded, and that if any freight car or cars, or locomotive propelled by steam be backing within the city limits, a man shall be stationed on the top of the car at the end farthest from the engine to give danger signals, and no freight train shall at any time be moved within the city limits without it be well·manned with *experienced* brakemen at their ·posts, who shall be so stationed as to see the danger signals, and hear the signal from the engine. The evidence of plaintiffs further tended to show that this ordinance was disregarded in two respects, first, in not ringing the bell while the train was in motion ; and, second, in not having a man stationed on top of the car farthest from the engine to give danger signals. It further tended to show that at the rate of speed the train was moving it could have been stopped in twenty or twenty-five yards, and that if the ordinance had been complied with in having a brakeman on top of the car, as therein provided, that the dangerous position of plaintiffs' son could have been · discovered in time to have avoided the accident and injury. The instruction offered by defendant in the nature of a demurrer to the evidence was properly refused, inasmuch as while it tended to show, and did show, negligence on the part of plaintiffs' son in going upon the track without looking or listening for the train, which he could have seen or heard had he looked or listened, it also tended to show that notwithstanding such negligence the injury to him could have been·avoided if the ordinance in evidence had been observed by defendant

in having a man stationed on top of the car as required by it.

It is, however, insisted that said ordinance is unconstitutional and void, and that for that reason the instruction should have been given. The objection here made was also made to the same ordinance in the case of *Merz v. Railroad, ante,* p. 672, and after a full consideration it was held to be valid, and it is, therefore, unnecessary to re-discuss it.

All the instructions which were given were asked by the defendant, except one, which the court gave of its own motion, and it is unnecessary to notice them further than to say that the issues involved were fairly presented to the jury; and in which they were told that it was negligence on the part of plaintiffs' son to go on the railroad track without looking or listening for the train, and that if they believed he did so, plaintiffs could not recov r unless they further believed from the evidence that defendant either knew, or might, by the exercise of ordinary diligence, have known of his dangerous position on the track in time to have prevented the accident. The cause was tried on this theory, and the circuit court was fully justified in so trying it by the rule laid down in the cases of *Kelly v. Railroad,* 75 Mo. 139; *Werner v. Railroad,* 81 Mo. 368; *Scoville v. Railroad,* 81 Mo. 434; *Welsh v. Railroad,* 81 Mo. 466.

It is also insisted that the second section of the ordinance treats of a subject not embraced in the title, and is, therefore, violative of section 13, article 3, of the charter of the city, which provides that "no bill shall contain more than one subject which must be clearly expressed in its title." A similar inhibition is contained in the constitutions of 1865 and 1875, and this court has been repeatedly called upon to construe it with reference to the validity of acts of the legislature, and it has uniformly been held that an act containing a section relating to matters germane to the general subject expressed in

the title, is not obnoxious to such constitutional inhibition, the object of the inhibition being to prevent the practice of joining in the same bill incongruous subjects having no relation or connection with each. other, and foreign to the subject embraced in the title, and that a liberal construction should be placed on the constitutional provision rather than embarass legislation, by a construction whose strictness is unnecessary to the accomplishment of the beneficial purpose for which it was adopted. *Ewing v. Hoblitzelle,* 85 Mo. 64, and cases cited.

This principle of construction was applied by this court in the case of *State ex rel. v. Mead,* 71 Mo. 266, where it is held that a provision in an act entitled "concerning elections," authorizing the governor to fill vacancies in elective offices, was germane to the general subject and was valid. The title of the ordinance 10,305 in question is as follows: "An ordinance entitled an ordinance to regulate the speed within the city limits of cars and locomotives propelled by steam power." The *subject* expressed in the title is regulating the running of cars and locomotives in the city limits, inasmuch as regulating the speed at which they may be run is a regulation for running them, and the second section of the ordinance hereinbefore quoted, relates to the subject of running trains, and does not embrace matter foreign to it, but matter having a relation to and connection with it.

We see no just ground of complaint to the instruction given by the court of its own motion. While subject only to verbal criticism, it is in harmony with those given by the court at defendant's request, and if anything is more favorable to defendant, in this, that it predicates plaintiffs' right to recover on the fact that the death of plaintiffs' son must have been caused solely and directly by the negligence of defendant.

We find no error in the record justifying an inter-

ference with the judgment and it is hereby affirmed. All concur except Henry, C. J., who dissents.

HENRY, C. J., DISSENTING.—My dissent in this case is based upon the ground that the ordinance in relation to the speed of trains, is violative of the thirteenth section of article three of the charter of the city of St. Louis. It purports to be an ordinance regulating the *speed* of trains ; and yet contains provisions which have no relation to the speed, but only to the *equipment* of trains. If it had been entitled an ordinance to regulate *the running of trains*, then provisions with regard to the equipment of trains would have been germane to the subject mentioned in the title. I am unable to perceive the analogy between this case and those of the *State ex rel. Meade*, 71 Mo. 266, and *Ewing v. Hoblitzelle*, 85 Mo. 64.