JOSEPH WEBER, Respondent, v. THOMAS JOHNSON, Appellant.

St. Louis Court of Appeals, November 21, 1889.

1. **Charter Provision, Construction of.** The provision of the charter of the city of St. Louis, providing that no bill should contain more than one subject, is intended to prohibit a practice of joining in the same bill incongruous subjects having no relation or connection with each other, and does not invalidate an ordinance which provides both for the grading and the paving of an alley.

2. ———. Nothing in said charter requires the municipal assembly of said city to fix the elevation of an alley before ordering its improvement.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*M. McKeag*, for the appellant.

Ordinance number 14,584, under which these tax bills were issued, contains more than one subject, to-wit, the directing and authorizing the board of public

improvements to grade and pave the alley. The establishing and fixing the grades of alleys, etc., is a legislative power, vested in the municipal assembly, under subdivision second of section 26, article 3, and sections 1 and 15 of article 6 of the scheme and charter, and no such power is given to either the board of public improvements or the street commissioner, by the city charter. This legislative power cannot be delegated. Nor could the municipal assembly lawfully order the improvement of paving in said alley until the grade had been established, the most essential part of the improvement to the property-holders who pay for the improvement. *Ruggles v. Collier*, 43 Mo. 353-66; *Thompson v. Boonville*, 61 Mo. 282; *Galbreath v. Newton*, 30 Mo. App. 380.

*Lubke & Muench*, for the respondent.

The first objection taken by appellant must be ruled against him under the decision of the supreme court in *Bergman v. Railroad*, 88 Mo. 679. The authorities cited by appellant as supporting his second contention are none of them in point. The contention is that, without the level of the alley is first fixed by ordinance, it cannot be graded or paved at the expense of the adjoining property. The sections of article 6 of the city charter cited by appellant do not sustain him.

BIGGS, J., delivered the opinion of the court.

The facts in this case, briefly stated, are as follows: The city of St. Louis by ordinance number 14,584, approved July 9, 1888, authorized the improvement of an alley in city block number 1893. The ordinance was designated as "an ordinance to *grade* and *pave* the alley in city block number 1893," and, as passed, reads as follows: Section 1: "The board of public improvement is hereby authorized and directed to cause the alley in city block numbered 1893, from Montgomery

street northwardly as far as open, and between Bacon street and Grand avenue, to be *graded* and *paved*.'' Section 2: ''The grading shall be done in accordance with the directions of the street commissioner.''

The contract for the improvement directed by this ordinance was awarded to the plaintiff; the work was performed according to the contract, and two special tax bills against the lots of the defendant, situated in this block, were issued to the plaintiff by the city, for the cost of a portion of the work done. The defendant refused to pay, and this suit was brought to enforce the collection of the tax bills. There was a judgment for the plaintiff in the circuit court, from which the defendant has appealed.

The defendant's counsel insists that this judgment cannot be sustained for two reasons: *First.* Because more than one *subject* is expressed in the title and body of the ordinance, contrary to the express inhibition of the charter. *Second.* Before the city could lawfully order the improvement of the alley, the charter required the assembly to fix the elevation of the alley, which in this case was not done, and that this legislative power could not be delegated by the assembly to the street commissioner. These two questions are properly presented by the record for review, and arise out of the admission of evidence and the instructions given and refused.

The defendant's first objection is predicated on section 13, article 3, of the city charter. This section relates to the passage of ordinances by the assembly, and reads as follows: ''No bill * *  * shall contain more than *one subject*, which shall be clearly expressed in its title.'' This section of the charter has been the subject of judicial construction by the supreme court in the case of *Bergman v. Railroad*, 88 Mo. 678. The reasoning of the court, in that case, disposes of the defendant's objection adversely to him. The court in discussing the question said: ''A similar inhibition is contained in the constitutions of 1865 and 1875,

and this court has been repeatedly called upon to construe it with reference to the validity of the acts of the legislature, and it has uniformly been held that an act containing a section, relating to matters germane to the general subject expressed in the title, is not obnoxious to such constitutional inhibition, the object of the inhibition being to prevent the practice of joining in the same bill incongruous subjects having no *relation* or *connection* with each other, and foreign to the subject embraced in the title; and that a liberal construction should be placed on the constitutional provision, rather than embarrass legislation by a construction, whose strictness is unnecessary to the accomplishment of the beneficial purpose for which it was adopted." The ordinance in question provided for the grading and paving of the same alley. The two subjects embraced in the ordinance are certainly not incongruous, as that term is used by the supreme court; but, on the contrary, the relation or connection between the two subjects is so direct that it might very well be said that, taken together, they form but *one* subject.

To sustain the second proposition, the defendant relies on section one (1) and fifteen (15) of article six (6) of the charter. The first section provides that: "The assembly shall, by ordinance, establish a general plan for the *location* and *graduation* of the streets," etc. This section is silent on the subject of alleys. The other section referred to provides: "That no improvement or repairs shall be ordered upon any future street, alley or highway, which shall not have been *opened*, *dedicated* or *established* according to the provisions of this charter." If the ordinance in question had reference to the improvement of a street, and the elevation of the street had not been previously fixed, and the power to fix it had been delegated by the assembly to the street commissioner, then the ordinance would have been invalid under the authority of the case of *Thompson v. City of Boonville*, 61 Mo. 282. But no such case

is presented by this record; section one does not make it the duty of the assembly to fix the elevation of alleys.

We do not think that section fifteen has any reference to the *elevation* of alleys. This section makes it unlawful for the assembly to improve any street or alley at the expense of the abutting owners, before such street or alley has been "opened, dedicated or established." The opening or establishing of a street does not necessarily require the determination of its elevation or grade. As we have shown, the charter required the municipal assembly to fix by ordinance the graduation of all streets. This was done with reference to the streets surrounding this alley prior to the passage of the ordinance in controversy. After the grade of the streets had been fixed, the elevation of the alley, necessarily, had to be determined and governed by the grade of the surrounding streets; this involved no discretion or judgment, but merely required the skill of an engineer. This duty, we think, was imposed on the street commissioner by section thirty-five (35), article four (4), of the charter, which makes it the duty of this officer to superintend the construction or reconstruction of all streets and alleys.

Finding no error in the record, the judgment will be affirmed. All the judges concur.