### SPEED OF AUTOMOBILES WITHIN MUNICIPAL LIMITS.

[Circuit Court of Franklin County.]

CAMPBELL M. CHITTENDEN v. THE CITY OF COLUMBUS.

Decided, September, 1904.

*Ordinances—Subject Expressed in Title—Speed of Automobiles and the Carrying of Lamps and Horns—Reasonableness of Limit of Speed to Seven Miles an Hour—Proper Discrimination as to Speed of Vehicles—Uncertainty as to Boundary of District to Which Ordinance Applies.*

1. The introduction of a second subject into the second section of an ordinance would not render the first section invalid, where that section is complete in itself; but the introduction into an ordinance limiting the speed of automobiles within certain municipal limits, of a section providing that automobiles must be provided with lamps and horns, is germane to the subject of the ordinance, and not in contravention with Section 1694, Revised Statutes.

2. An ordinance limiting the speed of all vehicles to seven miles an hour within certain municipal limits is not so unreasonable as to demand its invalidation by the courts.

3. Such an ordinance is not discriminating against automobiles, because another ordinance permits street cars to run at a more rapid rate, since automobiles having no certain course are much more dangerous to persons using the streets.

4. It is competent for council to prescribe different rates of speed for different portions of the municipality, according to the width of the streets, their use and the density of the population.

5. Uncertainty as to the boundaries to which an ordinance is made to apply will be solved by a court by considering streets mentioned as boundaries which do not meet as if extended to the meeting point, and by regarding the first river on the west as intended, where a river in that direction is mentioned without naming it.

Dustin, J.; Sullivan, J., and Wilson, J., concur.

Plaintiff in error was arrested, tried and fined $25 and costs by the Police Court of the City of Columbus, for running an automobile at unlawful speed within certain city limits, in violation of city ordinance No. 16867, which prohibits an excess of seven miles per hour.

On error to the common pleas court the judgment of the police court was affirmed. This action is brought to reverse said judgment of affirmance.

On behalf of plaintiff in error it is claimed—

1st. That the ordinance under which plaintiff in error was arrested and fined is invalid, because a violation of Section 1694, Revised Statutes, which provides that "No by-law or ordinance shall contain more than one subject, which shall be clearly expressed in its title." The title of said ordinance is as follows:

"An ordinance, No. 16867, to regulate the speed of animals, bicycles, tricycles, automobiles, motor cars and other vehicles, ridden, driven or propelled upon and along the streets, avenues, alleys and other public ways of the city of Columbus, Ohio, and repealing certain other ordinances."

The first section of the ordinance does "regulate the speed," as the title indicates, and nothing else.

The second section provides that certain vehicles of those mentioned in the first section shall carry lighted lamps between sun-

set and sunrise, and give warning of imminent danger by sounding a bell, whistle, horn or gong.

It is claimed that this section embraces a new subject, not covered by the language of the title, and therefore the whole ordinance is invalid. If this were true, it would not, in our opinion, invalidate the first section, under which plaintiff in error was tried, because that section is complete in itself, and may stand (if otherwise valid), regardless of the invalidity of the second.

Again, it has been held in Ohio, that a similar constitutional provision is directory, and not mandatory. But we think the ordinance does not, under a true construction of Section 1694, Revised Statutes, "contain more than one subject."

The purpose of regulating the speed is to reduce the probability of accident in the more crowded streets of Columbus, and the regulation as to lamps and gongs is germane to the subject. But for that, the vehicles mentioned could run with more impunity at night than in the daytime, because, without lighted lamps, their location and speed could not well be observed by the officers of the law.

This precise question was made in the case of *Bergman* v. *The Railway*, in 88 Mo., 678, where it was held that an ordinance purporting to regulate the speed of trains in city limits is not invalidated because the second section has reference to their equipment. The court, in its opinion, on page 683, refers to its previous decisions with reference to legislative acts alleged to be in violation of a constitutional inhibition (existing also in Ohio) similar to the statute in question, and says:

"This court has been repeatedly called upon to construe it with reference to the validity of acts of the Legislature, and it has uniformly been held that an act containing a section relating to matter germane to the general subject expressed in the title, is not obnoxious to such constitutional inhibition, the object of the inhibition being to prevent the practice of joining in the same bill incongruous subjects having no relation in connection with each other and foreign to the subject embraced in the title, and that a liberal construction should be placed on the constitutional provision rather than embarrass legislation by a construction whose strictness is unnecessary to the accomplishment of the beneficial purpose for which it was adopted."

We think that principle is sound, and, applying it to the ordinance before us, find that the subject treated of in the second section is germane to the general object and purpose of the ordinance as indicated in its title.

2d. It is said that the ordinance is unreasonable, in that it limits the speed of all the vehicles named to seven miles per hour; and that the enforcement of the ordinance against bicycles would virtually banish them from the streets. The legislative body of the city, composed of its citizens, has, with full knowledge of all the circumstances and after due deliberation, fixed seven miles per hour as a proper rate of speed. If that be now considered unreasonable as to bicycles, it may be readily amended. It is not so unreasonable as to demand its invalidation by this court.

3d. It is said that the ordinance is partial and discriminates against automobiles because another ordinance allows street cars to run at a greater rate. There is nothing in the bill of exceptions to show that that is the case, and the court does not take judicial knowledge of ordinances. However, we think that it would be a very proper discrimination, because street cars are confined to their tracks and can be easily avoided, whereas automobiles have no certain course, and on that account are much more dangerous to the pedestrian.

4th. It is said that the ordinance is void for uncertainty, because the boundary streets of the district do not meet; that there are two rivers on the west, and it is uncertain whether the Olentangy or Scioto river is meant by the word "river," and because the northeast corner (the lines being extended) contains a piece of territory beyond the city limits; also because different rates of speed are prescribed for different portions of the described district.

We think that where streets are mentioned as boundaries and do not meet, their lines are to be considered as if extended to the meeting point; where a river on the west is mentioned without naming it, the first river in that direction is meant; where outside territory is included, the ordinance can not, of course, operate in that portion, but that fact does not invalidate it within corporate limits.

As to the different rates of speed allowed in different portions of the prescribed territory, it may be said that it is not for plaintiff in error to complain. There is no uncertainty whatever in his case. He was clearly operating within the seven mile per hour limits. But we think it is within the province of the city council to prescribe different rates of speed in different portions of the city, according to the width of the streets, their use and the density of population.

Through an inadvertence or a typographical error, a sentence in Section 1 is broken by a period. The court will read it as a comma, according to the manifest intent.

Plaintiff in error made no defense whatever upon the merits of the case, taking refuge behind the supposed invalidity of the ordinance. We find no error in the proceedings of the courts below, and think the judgment of the common pleas court should be affirmed.

*Kinkead, Merwine & Schumacher,* for plaintiff in error.

*J. M. Butler, C. E. Carter* and *Outhwaite, Linn & Thurman,* for defendant in error.