LIZZIE McQUEEN, Appellant, v. R. W. VAN DEUSEN et al., Respondents.

Kansas City Court of Appeals, May 24, 1915.

1. SPECIAL TAX BILLS: Paving of one Continuous Highway Made up of Several Streets. Owing to the topography of the territory in the city of St. Joseph, the only way to obtain a reasonable and practicable thoroughfare to serve that portion of the city, was to pave a certain route as one continuous highway made up of streets dedicated by different names. *Held*, that

the city could do so under one ordinance and in one proceeding.

2. ———: ———: **Ordinance Having but One Subject.** The ordinance providing for such improvement is not open to the objection that it contains more than one subject since it contains but one subject, that of improving a certain highway as one entire improvement.

3. ———: ———: ———: **Property Benefited.** Although the street improved did not run continuously in one direction, yet it constituted one continuous street and one entire improvement and property fronting at any place on that street was benefited the same as property located thereon at some other point: Hence it could be assessed with its proportionate part of the cost.

Appeal from Buchanan Circuit Court.—*Hon. Wm. H. Haynes*, Judge.

AFFIRMED.

*W. B. Norris* for appellant.

(1) Special ordinance number 6873 is invalid because it provides for more than one improvement in the same ordinance, and contains more than one subject which is not clearly set out in the title. Sec. 8555, R. S. 1909; Boorman v. City of Santa Barbara, 4 Pac. 31; Mayall v. City of St. Paul, 15 N. W. 107; Weckler v. Chicago, 61 Ill. 142; Mendenhall v. Clugish, 84 Ind. 94. (2) Said ordinance is invalid because it provides that the total expense and cost of improvement shall be levied and assessed on all of the property fronting and abutting upon all of the portions of the streets to be so improved; and that the cost shall be apportioned according to the frontage of each lot thereon to the whole amount of frontage of all of the property. Secs. 8709, 8710, R. S. 1909. (3) That said ordinance is invalid because it provides for the taking away of the power from the owners of a majority of front feet abutting on the part of any street sought to be improved, to select the materials to be used and the

method of construction of the improvement. Sec. 8839, R. S. 1909. (4) If this court should hold that said ordinance does not violate the provisions of said section 8555, and that the ordinance does not contain more than one subject, and that the subject as stated therein is clearly set out in the title, then the ordinance is invalid, because it violates sections 8709 and 8710, in that the costs of the improvement is to be taxed, levied and assessed against the real estate which does not abut upon the improvement to be made. City of Covington v. Matson, 34 S. W. 897; Mayor v. Weed, 23 S. E. 900.

*John E. Dolman* and *F. B. Fulkerson* for respondents.

(1) Special ordinance number 6873 does not offend against the mandates contained in Sec. 8555, R. S. 1909. Weber v. Johnson, 37 Mo. App. 601; St. Louis v. Liessing, 190 Mo. 468; Bergman v. Railroad, 88 Mo. 678; 2 McQuillin Municipal Corporations, sec. 681; 1 Jones & Paige on Taxation, sec. 854. (2) The method adopted in this case is in harmony with method outlined in Secs. 8709 and 8710, R. S. 1909. Stanley v. Stanley, 11 N. E. 261; Wilbur v. City of Springfield, 14 N. E. 871; Bloomington v. Reeves et al., 52 N. E. 278; Ton v. City of Chicago, 74 N. E. 1044; Sears v. Board of St. Coms. of Boston, 62 N. E. 397; State ex rel. v. District Court of Ramsey Co. (Minn.), 23 N. W. 222; Adams County v. City of Quincy, 6 L. R. A. 155; Sears v. Board of Street Coms., 62 L. R. A. 144.

TRIMBLE, J.—Appellant brought suit to enjoin the respondents, city of St. Joseph and contractors, Van Deusen and Peters, from paving a certain highway in said city. A temporary restraining order was issued and thereafter the case was tried resulting in a finding and judgment against the injunction and dissolving the temporary writ.

There is nothing wrong with the various steps taken to authorize the construction of the improvement or the submission of the contract therefor to the contractors. The evidence introduced at the trial supports the finding of facts made by the chancellor and it is conceded that on the facts of the case the finding was correct.

The objection made by appellant is that the city has no power to secure a continuous improved street or highway by uniting parts of differently named streets into one continuous improvement.

It seems that by reason of the topography of a certain section of territory in the city it was necessary to create a continuous highway along the following route: Beginning at the north line of Highland avenue at Seventh street, thence north along Seventh street to Independence avenue, thence west along Independence avenue to Fifth street, thence north along Fifth street to Hamburg avenue, thence west along Hamburg avenue to the east line of Second street. The Board of Public Works, therefore, upon its own motion unanimously decided to recommend a bill providing that a highway along and over the above described route be paved with portland cement concrete and that concrete curbing, etc., be constructed thereon. Notice of the action contemplated was duly given as the law required, opportunity was afforded for filing objections thereto, and all objections were overruled, though no objections were made by appellant. The proposed ordinance was submitted to the city council and that body duly enacted and passed it and thereafter the contract therefor was duly let. Appellant is the owner of two lots which front on that portion of Seventh street included in the route sought to be improved as one continuous paved highway. The court found that the above-mentioned portions of the streets, in fact, constitute one continuous highway and street and have, for more than ten years, been used by the city and the

public as one continuous thoroughfare, and during that time have been so treated by the city in its use and control of the same. The court further found that by reason of the topography of the surrounding country it was impracticable to use the above-described portions of said streets in any other way than as one continuous street or highway, in order to afford a reasonable and practicable thoroughfare to serve that portion of the city, and that said highway is composed of those portions of said streets as provided for in the said ordinance, and is, in fact, one street though designated by different names.

It is urged that the ordinance authorizing the improvement is invalid because it contains more than one subject which is not clearly set out in the title and provides for more than one improvement in violation of sections 8555, Revised Statutes 1909, concerning cities of the first class, which provides that "No bills . . . shall contain more than one subject which shall be clearly set forth in the title."

So far as the title is concerned, it is clearly sufficient since it says it is an ordinance to provide for the concrete paving and curbing of a certain highway, describing it. And the body of the ordinance contains nothing except what pertains to the specified improvement of that highway. The only theory on which it can be claimed the ordinance contains more than one subject is that the paving of that portion of each of the streets included in said highway constitutes a separate and distinct subject, that of paving that particular part of that particular street, notwithstanding the designated portions of said streets constitute, in fact, one continuous highway, used as such, and which the city has legislatively determined shall be improved as a single highway. But the object of the city was not the improvement of the various streets as such, but only the creation of one continuous improved highway made up of, or running over, those portions of said

streets. And the selection of that one highway was not an arbitrary or capricious act of the city, nor made so as to fraudulently secure an improvement of those streets which could not be obtained for them separately. The one highway, composed of those portions of said streets, was made necessary by the surrounding country and had, in fact, by use, become one highway, though the portions constituting it had received different names when they were platted and dedicated to the city. There was, therefore, but one entire improvement, and not separate and distinct improvements of different streets unrelated to each other and incapable of forming one highway. The statute above referred to has reference to the joining of incongruous subjects having no relation or connection with each other. [Weber v. Johnson, 37 Mo. App. 601; St. Louis v. Liessing, 190 Mo. 464, l. c. 490; Bergman v. St. Louis Iron Mountain, etc., R. Co., 88 Mo. 678; 2 McQuillin on Municipal Corp., sec. 681; 2 Page and Jones on Taxation by Assessment, sec. 854.]

The total expense and cost of the improvement was levied and assessed by the ordinance in accordance with the requirements of sections 8709 and 8710, Revised Statutes 1909. The first-named section provides that "The cost of all work on . . . highways . . . shall be charged as special tax on lands on both sides of and adjoining the . . . highway," while section 8710 provides that the cost, other than grading, shall be assessed according to the frontage of the property. The various parts of the streets above named constituted, in reality and under the circumstances shown to be there existent, one continuous street so that the property fronting at any place upon such continuous street was benefited the same as property located thereon at some other point. Hence it cannot be said that the making of the proposed improvement would result in the levying of an assessment upon prop-

erty in no way materially benefited thereby. The facts making it in truth one street is what determines whether the improvement is single and entire or several, and not the dedicated names of the several portions thereof, and the fact that these portions do constitute but one street and therefore its improvement is but one improvement, is what governs. "Two or more streets, or parts of streets, which naturally form one connected and entire whole, may be combined. . . . If two or more streets really form one continuous improvement they may be improved together and one assessment levied therefor." [1 Page and Jones on Taxation by Assessment, sec. 569.] If the parts of the streets are so situated as to constitute one highway and the city council is justified in treating it as such and authorizing it improved as one improvement, there is nothing in the statutes, or in the strict rights of the owners of property abutting thereon, to prevent the city from doing so. [City of Springfield v. Green, 120 Ill. 269, 11 N. E. 261; Wilbur v. City of Springfield, 14 N. E. 871; Sears v. Board of St. Comrs. of Boston, 180 Mass. 274; Adams County v. Quincy, 6 L. R. A. 155; State ex rel. v. District Court of Ramsey Co. (Minn.), 23 N. W. 222.]

The only difference in the improvement of this highway and any other street is that it is not on a straight line but turns at right angles in three places. This does not take away from the owners of property in any portion thereof any right they would have had, had the street sought to be improved been straight. If it had been a long, straight street the owners of lots in a particular block could not have successfully demanded that the street be not improved in their block, thereby leaving a gap in the work. Nor can the same owners have any lesser rights if the street improved turns in different directions instead of going straight.

Even though the roadway does not run in one direction continuously, yet, if it is in truth and in fact

one highway, then there is no room for saying a levy is made on property for an improvement on a street other than the one upon which the property fronts. The cases of City of Covington v. Matson, 34 S. W. 897, and Mayor of Savannah v. Weed, 23 S. E. 900, are not applicable. The various streets in those cases were in fact separate and disconnected streets, and the facts were therefore wholly different from the case at bar.

Under the evidence and the finding of the chancellor the highway sought to be improved, though consisting of portions of several streets having different names by dedication, is in fact one highway as much so as if it had been laid out at one time and used as if no other streets were in that vicinity. The best interests of the city, the property-owners, and of the public, require that it be improved as one highway. No statute has been violated. No fraud is involved and no rights are destroyed. The city determined to make the improvement as an entirety since the use of the road, the lay of the ground and the requirements of good engineering demanded that the road as determined upon should be considered as, and is in fact, one street. Under these circumstances the city had a right to improve it as one single, entire and continuous roadway. [Barber Asphalt Paving Co. v. Mann, 185 Mo. 552, l. c. 565.]

The judgment of the chancellor dismissing the temporary injunction and dismissing the bill is affirmed. The other judges concur.