## HIRAM BAKER

*v.*

## THE TOWN OF NORMAL.

1. ORDINANCE—*hitching horse to shade tree.* An ordinance prohibiting the hitching of any horses to shade trees in the streets, or to any shade tree or fence railing upon any street, or upon private premises, so far as it relates to trees in the public streets, is not void, and the owner of the adjoining property is liable to the penalty if he hitches his horse to such a tree.

2. SAME—*may be void in part and good in part.* An ordinance is not necessarily all void because some part of it may be so.

3. TOWN—*control over trees in streets.* A town, having control of its streets, with power to improve them, may allow property holders to adorn the same by setting out and caring for shade trees along their premises, and, by so doing, will not lose its control over the trees so planted, and may protect the same as against such parties.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Messrs. ROWELL & HAMILTON, for the appellant.

Messrs. KARR & KARR, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was an action, brought in the name of appellee, against appellant, for a penalty for a violation of an ordinance of that village prohibiting all persons from hitching or fastening any horse to any shade tree in any street or alley.

On the trial, it appeared that appellant had hitched his horse to a shade tree standing in one of the public streets of the town of Normal, but it further appeared that this shade tree and others were planted in front of the lot owned by Baker, by the owner of the property (from whom Baker bought the lot), and that, at the time of the planting of these trees, the inclosure of the lot extended to the front into the street, and the trees were planted in the inclosure, and intended to form a row of trees between the sidewalk and the carriage way of the street.

After these trees had grown some, the fence was moved back to the front line of the lot. Appellant lived on the adjoining lot, and trimmed and cared for these shade trees in front of his lot. The circuit court rendered judgment for the penalty.

An examination of the ordinance shows that it not only forbids hitching horses to shade trees in the streets, but prohibits hitching to any shade tree or fence railing upon any street or upon private premises.

In is insisted that this ordinance is void because it is unreasonable. It is said that, by its terms, it forbids a man to hitch his own horse to his own fence upon his own private premises. If the ordinance should be so construed, the provision to that effect would be void; but that is not the meaning of this ordinance. Even if that part of the ordinance were void, it would not follow that the prohibition against hitching horses to shade trees *in the street* is also invalid.

The town, under its charter, has the control of the streets, may improve them and adorn them. It may permit its citizen to improve and adorn that part of the street in front of his lot, but the improvement and adornment does not thereby become the property of the citizen. The planting of a shade

tree in the street by a citizen, by permission of the village or city authorities, is a gratuity to the public, and the citizen has no more right to control the shade tree so planted than he would have had it been planted by the city authorities. The control is in the public. The adjoining proprietor has a common interest with other citizens in these shade trees, and, incidentally, derives a special benefit from their existence, but no title or authority over them as against the public. We can not pronounce this ordinance so unreasonable as to be held void for want of authority.

The judgment is affirmed.

*Judgment affirmed.*