## THE TOWN OF WHITEHALL
### v.
## JOHN E. MEAUX.

VIOLATION OF ORDINANCE—SEVERAL OFFENSES—CONSOLIDATION OF CAUSES OF ACTION.—In actions for violation of an ordinance, each successive violation may be treated as a distinct cause of action, and the complainant is not bound to consolidate the causes of action to such an extent that the combined penalties would exceed the jurisdiction of a justice of the peace.

APPEAL from the County Court of Greene county; the Hon. L. E. Worcester, Judge, presiding. Opinion filed April 6, 1881.

Messrs. RIGGS & HENDERSON, for appellant.

MYERSTEIN & HENSHAW, for appellee ; that a proceeding to collect a penalty for violation of a town ordinance is a civil suit, cited Town of Jacksonville v. Block, 36 Ill. 507 ; Hoyer v. Town of Mascoutah, 59 Ill. 137 ; Ferguson v. The People, 73 Ill. 559.

The statute for consolidation of claims embraces suits of this character : Rev. Stat. 1874, 645 ; The President, etc. v. O'Maily, 18 Ill. 47.

A plaintiff cannot split his demand so as to maintain several causes of action thereon : Camp v. Morgan, 21 Ill. 255; Lucas v. LeCompte, 43 Ill. 302.

McCULLOCH, P. J.   Two complaints were lodged against appellee on the 29th day of December, 1879; one charging him with violations of the ordinances of the town of Whitehall, relative to the sale of liquors on the 17th day of December, 1879, and the other charging him with violations of the same ordinance on the 18th day of the same month. The penalty for each offense is not less than $25 nor more than $100. Appellee was tried on the first complaint on the 29th day of December, 1879, and judgment was rendered against him for

Town of Whitehall v. Meaux.

$200, from which he appealed to the county court.   On the 30th day of December, 1879, he was tried on the second complaint, and judgment rendered against him for $150, from which he also appealed to the county court.   Upon trial of the first complaint in the county court appellee was convicted, and judgment rendered against him for $185.   When the second complaint came on for trial appellee introduced in evidence his conviction in the county court under the first complaint.   The court instructed the jury in substance that if it appeared in evidence that the suit on trial was between the same parties as in the first suit, then the record was a good defense in the suit then on trial, for any violations of the ordinances prior to December 29, 1879.

Counsel for appellee seek to justify this instruction, not on the ground that the record showed a former conviction for the same offense, but on the ground that the several penalties claimed could have been consolidated and recovered in the former suit, and that having failed to bring them all into that suit, appellant was barred from any further recovery; or if the penalties when aggregated exceeded the jurisdiction of the justice, then the suit should have been brought in some court having jurisdiction.

We understand the law to be that each violation of the ordinance constitutes a separate cause of action, for which the plaintiff is entitled to recover not less than twenty-five nor more than one hundred dollars; that it is not obliged to reduce its demand upon any one or more causes of action, when it has several, in order that they may come within the jurisdiction of the justice, but the utmost that could be required of it would be to consolidate two violations of the ordinance.   This was done in the first case.   The judgment was for the penalties for at least two violations of the ordinance.   No more could have been brought into that suit, for the minimum penalty for the next offense would have been $25, and this sum added to the verdict would have brought the amount above the jurisdiction of the justice.   Appellant was not, therefore, bound to consolidate all its causes of action in the first suit.

But it is contended that these several penalties constituted

but one cause of action, and if, when added together, they amounted to more than the sum over which the justice had jurisdiction, the suit should have been brought in some other court, for the reason that appellant had no right to split its demand. The case of Lucas v. LeCompte, 42 Ill. 305, referred to by counsel, holds that a running account constitutes but a single cause of action, while several promissory notes constitute several causes of action. Until an account is rendered and a request made for payment, it may well be said that each additional item of credit is but adding to a previous indebtedness, and that the whole constitutes but a single cause of action.

We find no proof in the record that appellant kept a running account with appellee, or gave him credit for the successive penalties as they were incurred, but on the contrary, we think appellee had a right to treat each successive violation of the ordinance as a separate cause of action, and, if bound to consolidate at all, it was not bound to consolidate more than two offenses in any one suit. It was, therefore, error for the court below to hold the said judgment an absolute bar to the prosecution of all violation of the ordinances prior to December 29th, 1879. If appellee intended to rely upon that judgment as a former conviction for the same offenses, then the identity of the causes of action, as well as of the parties, should have been left to the jury, as the statute (L. 1879, p. 79) provides that no such recovery shall constitute a defense to any other prosecution of the same party for any other violation of such ordinance, although the different causes of action existed at the same time, and, if united, would not have exceeded the jurisdiction of the court or magistrate. The judgment is therefore reversed and the cause remanded.

Reversed and remanded.