ÉDITH H. SHANNON *et al.*

*v.*

THE VILLAGE OF HINSDALE.

*Opinion filed June 17, 1899.*

1. PUBLIC IMPROVEMENTS—*power of municipal authorities to determine character of improvement.* Municipal authorities, in providing for macadamizing a street, may determine whether the removal of an old culvert in such street and the construction of a new one shall be regarded as a local improvement, and whether it is practicable to utilize the old material in the new structure.

2. SAME—*construction of ordinance for building culvert.* An ordinance providing for the construction of a culvert of sewer brick, with a block of masonry at each end, is properly construed as meaning masonry composed of sewer brick, and not of other material.

3. SAME—*when ordinance sufficiently specifies width of improvement of intersecting streets.* An ordinance providing that a certain street be improved by macadamizing the central twenty-seven feet thereof and the central twenty-seven feet of intersecting streets to the outer line of such street, is not indefinite in its specification of the width of the improvement on intersecting streets.

4. SAME—*when failure to specify kind of stone for cross-walks is not fatal.* The failure of an ordinance for stone cross-walks to specify the kind of stone is not fatal to confirmation, where it is proved by uncontradicted evidence that among inhabitants and contractors and builders of the municipality the word "stone" has a well understood and established meaning, and that it means "limestone."

5. SAME—*when dimensions of stones are not made uncertain by use of words "not less than."* An ordinance for the construction of an improvement by special assessment, which provides that the crosswalks necessary to the improvement shall be built of stone of "not less than" designated dimensions, is sufficient, with respect to its specification of such dimensions, to permit an intelligent estimate of the cost. (*Mansfield* v. *People*, 164 Ill. 611, distinguished.)

6. SAME—*improvement ordinance need not recite ordinance establishing grade.* An ordinance for macadamizing a street need not recite the ordinance establishing the grade of such street nor state that such ordinance is on file in the office of the clerk, it being sufficient, so far as the form of the improvement ordinance is concerned, if it refers to an existing ordinance establishing such grade.

7. SPECIAL ASSESSMENTS—*effect where estimate includes cost of work not within ordinance.* Where the cost of certain work which is not within the description of the ordinance does not relate to the improvement proper, but merely to the matter of repairing a small

portion of an intersecting street, the court may reject the cost of such work and reduce the assessment accordingly, without holding the entire ordinance invalid. ·

8. SAME—*what not grounds for refusing confirmation.* That portions of the improvement already constructed and accepted do not conform to the ordinance and that the assessment spread against the property of a certain railroad company has been abandoned are not grounds for refusing confirmation, the remedy in such case being *mandamus* to compel the proper performance of the work and the collection of the assessment claimed to be abandoned.

APPEAL from the County Court of DuPage county; the Hon. WILLIAM T. HODSON, Judge, presiding.

CHILDS & HUDSON, for appellants.

LINUS C. RUTH, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

Objections interposed by the appellants at the February term, 1899, in the county court of DuPage county, to the confirmation of a special assessment levied under an ordinance of the appellee village were overruled and judgment of confirmation entered, hence this appeal.

The improvement contemplated by the ordinance involved the removal of an old stone culvert in Lincoln street, in said village, and the construction of a new culvert at the same point. The ordinance provided "that the stone culvert now built across Lincoln street, in Chicago avenue, be entirely torn down and the stones removed for the use of the village of Hinsdale." It was objected the ordinance was not definite because it did not state how far the stones of which the old culvert was built were to be removed. The court correctly construed the ordinance to mean that the stones, when removed, should remain the property of the village, and that they should be removed from the old structure to a point in the street beyond the space to be occupied by the proposed new improvement, there to be received and controlled by the village. It was fairly within the scope of

the power of the board of trustees of the village to determine whether the removal of the old stone culvert and the construction of a new one should be regarded as a local improvement, to be paid for by special assessments, and also whether it was practicable or proper to utilize the material of which the old culvert was composed in making the new improvement. *Louisville and Nashville Railroad Co.* v. *City of East St. Louis,* 134 Ill. 656; *Illinois Central Railroad Co.* v. *City of Chicago,* 141 id. 586.

The ordinance provided the culvert should be constructed of first-class sewer brick laid in native hydraulic cement mortar, with a block of masonry at each end, of designated dimensions. Conceding masonry may mean either brick or stone, the objection it was uncertain which meaning should be given to the word as used in the ordinance is not tenable, for the reason the ordinance clearly indicated the entire structure should be composed of sewer brick.

The ordinance also provided said Lincoln street should be improved by macadamizing the central twenty-seven feet thereof, and the central twenty-seven feet of each intersecting street, to the outer line of Lincoln street, and curbing the same. The objection the width of the intersecting street to be improved is indefinite was without force. It clearly appeared from all the provisions of the ordinance the central twenty-seven feet of each intersecting street within the limits of Lincoln street were to be macadamized and curbed.

The ordinance also provided for the construction of cross-walks at each intersecting street between the interior lines of the curb, to be composed of stone of not less than certain designated dimensions, etc. It was objected the kind of stones to be used was not specified, and that the ordinance is indefinite as to the dimensions of the stones. It was proven, without contradiction, that among the inhabitants of the village of Hinsdale, and contractors and builders there, the word "stone" has a

well known and established meaning, and that it means limestone. Such being the case, the ordinance would not be held to be indefinite or uncertain in that respect. (*Levy* v. *City of Chicago*, 113 Ill. 650.) The requirement the stone should be "not less" than a designated length, width and thickness could only be fulfilled by stones of at least the dimensions specified. Appellants argue a larger stone might be used; that larger stones are more expensive than smaller ones, and that a contractor might make his estimate and bid based upon the cost of the larger stones, and thus make the improvement more expensive to the property holder. That such injury might occur is fanciful, for the reason a contractor, in making his bid, could not, in reason, overlook the fact other contractors could underbid him by estimating the cost of stones that would fulfill the requirements of the ordinance. Each bidder for the contract would, of course, seek to present the lowest bid, and it would be unreasonable to hold the ordinance void upon the theory the bidders for the work might make their estimates upon more expensive stones than the ordinance demanded. The ordinance was sufficiently definite to enable an intelligent estimate of the cost of the improvement to be made by the commissioners and by those desiring to proffer bids to furnish the material and do the work.

The case of *Mansfield* v. *People*, 164 Ill. 611, is not antagonistic to the views here expressed. The ordinance in that case provided for the construction of a sidewalk to be paid for by special taxation, to be levied under the provisions of the Sidewalk act. (Hurd's Stat. 1895, pars. 291-296, chap. 24, entitled "Cities," etc.) The act is a special enactment providing for the construction of sidewalks by special taxation. Paragraph 292 (sec. 2 of the act) requires the ordinance shall "prescribe" the width of the proposed walk, and the ruling in the case cited is based upon the interpretation of the word "prescribe." That statute contemplated the ordinance might permit the property owners to construct the walk, or to allow

the city to build it and recover the cost from him. In such case, an ordinance requiring a walk not less than a designated width would not be sufficiently definite to enable the property holder to determine his course, for the reason the city, in case of his election not to build, might elect to construct a walk of a greater width than the minimum specified in the ordinance and demand he should pay the increased cost thereof. It was essential to the right of the property holder the word "prescribe" should be interpreted to mean that the ordinance should fix definitely the width of the walk. But the ruling has no application to the question here arising.

There is no force in the objection the material of which the "apron headers" of the cross-walks were to be composed does not appear in the ordinance. The headers are a part of the cross-walks, and the entire walk was to be composed of stones, the width, thickness and length of each stone in the headers being specifically given.

The objection the ordinance does not disclose the manner in which the catch-basins and man-holes are to be constructed, or the material of which they should be composed, is without merit. The catch-basins and man-holes were in place in the street, and the only reference to them in the ordinance is, they "shall be adjusted and brought to a proper grade; the top of the man-holes shall be one inch below the surface of the street and the tops of the catch-basins shall be five inches below the top of the curb."

The ordinance recited in the petition referred to the "established grade of the street" as a basis for the description of the improvement. A street grade can only be established by ordinance. (*Chicago and Northern Pacific Railroad Co.* v. *City of Chicago,* 174 Ill. 439.) It was not necessary the ordinance providing for the improvement, recited in the petition for a judgment of confirmation, should recite the ordinance establishing the grade. (*Parker* v. *Village of LaGrange,* 171 Ill. 344, and cases there cited; *Kunst* v. *People,* 173 id. 79.) All ordinances are required

by the statute to be deposited in the office of the village clerk and to be recorded in a book to be kept for that purpose, and it is not indispensable the ordinance for a local improvement should state the ordinance establishing the grade of a street is on file in the office of the clerk. It is enough an established grade is referred to and that a grade has been established by ordinance.

A certified copy of an ordinance was introduced which established the grade of the street at specified heights above the village datum. Another ordinance was offered which established the village datum at the plane of low water mark of Lake Michigan, etc. We see no valid objection to the introduction of those ordinances, and the grade of the street being thus shown to have been established, the description of the improvement in the ordinance sought to be enforced was rendered intelligent, definite and certain.

We need not determine whether the description of the nature, character and locality of the improvement in the ordinance is broad enough to authorize certain cedar blocks, with which a small portion of Washington street was paved, to be taken up and re-laid to conform in width and grade to the improvement on First street, for the reason the cost of doing that work was rejected by the court and appellants' assessments reduced accordingly. Conceding the provisions of the ordinance as to the re-laying of these cedar blocks were inoperative and void, they were not so inseparably connected with the improvement provided to be made by the other portions of the ordinance as to render the entire ordinance void. The alleged invalid portion of the ordinance did not relate to the construction of the improvement designed to be secured by the ordinance, but only to the matter of repairing a small portion of an intersecting street, and could be, as it was, properly rejected by the court without affecting the other provisions of the ordinance. *Wilbur* v. *City of Springfield*, 123 Ill. 395.

That the cross-walks, which had been completed and accepted by the city authorities when the cause was heard, had not been constructed of the material called for by the ordinance, and that the assessment against the property of the Chicago, Burlington and Quincy Railroad Company had not been properly divided into installments against the property of the said railroad company and had been abandoned, constituted no valid objections to a judgment confirming the assessments against appellants' property. The writ of *mandamus* may be resorted to to compel the city to complete the work in accordance with the specifications and requirements of the ordinance if the city has been derelict in this respect, or to proceed to enforce the collection of the assessment against the property of the said railroad company, if it has failed to discharge its duty in that respect. *Callister* v. *Kochersperger*, 168 Ill. 334; *Heinroth* v. *Kochersperger*, 173 id. 205.

What has been said in disposing of other objections renders it unnecessary to refer to the complaints that the court erroneously excluded competent evidence offered by the objectors and erroneously admitted improper evidence against them.

The judgment is affirmed. *Judgment affirmed.*