## Village of Hampton v. Chicago, Milwaukee & St. Paul Railway Company.

### Gen. No. 4,415.

1. GRADE—*when ordinance establishing, valid.* An ordinance establishing the grade of streets is valid where it is definite and certain in its requirements notwithstanding it may provide for notice to one violating the same before proceeding to impose the penalty for such violation.

2. PENALTIES—*when cumulative.* An ordinance establishing the grade of a street may lawfully provide that the continuance of a breach of such ordinance for each day following notice would constitute a distinct offense.

3. PENALTIES—*how cumulative, recovered.* Cumulative penalties for the breach of a single ordinance may be recovered in one action.

Action of debt. Appeal from the County Court of Rock Island County; the Hon. ELWIN E. PARMENTER, Judge, presiding. Heard in this court at the October term, 1904. Reversed and remanded. Opinion filed March 8, 1905.

GEORGE W. WOOD, for appellant.

CHARLES B. KEELER and D. S. BERRY, for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.

The village of Hampton brought an action of debt against the Chicago, Milwaukee & St. Paul Railway Company for erecting and maintaining tracks at certain street crossings at an elevation contrary to the established grade. The railroad company appeared and interposed a general demurrer to the declaration that was sustained, and the

village electing to abide by its declaration, the railroad company had judgment, from which the village appeals and assigns the ruling of the court in sustaining the demurrer as error.

The declaration avers that the appellant had established a grade for the crossing of certain streets by ordinances duly passed and published and that appellee was guilty of maintaining its tracks and right of way at certain street crossings in violation of said ordinance, whereby a right of action had accrued to appellant to recover the penalties provided in section 4 of said ordinance. Section 4 of said ordinance is as follows:

" Any person or persons, railroad company or other company, who shall by itself or themselves, or their agents, erect or maintain on any of the streets or alleys in said village any structure, embankment or railroad right of way, at a higher grade than the grade indicated on said survey and map and book, and established by this ordinance, after being notified for a period of ten days by the president or clerk of the said village to remove or reduce to grade such structure, embankment, railroad right of way, such person, company or agent shall be fined in a sum not less than five (5) dollars, nor more than twenty-five (25) dollars for each and every day such structure, embankment or railroad right of way shall be allowed to remain after notice as above. Such fines are to be recovered in the manner provided by law."

The power of appellant to pass an ordinance establishing the grade of the railroad company at the several crossings of its public streets is expressly conferred by paragraph 25, section 62, article 5 of chapter 24 Hurd's R. S., 1903, which provides, that the city council of cities, the president and board of trustees of villages, shall have power to " provide for and change location, grade and crossings of any railroads." The power to establish a grade for streets can only be exercised by the passage of a valid ordinance. C. & N. P. R. R. Co. v. City of Chicago, 174 Ill. 439; Shannon v. Village of Hinsdale, 180 Ill. 202.

The contention of appellee is that the ordinance in question is void for the reason that it is an attempt to delegate

a legislative power, in that it makes the enforcement of the ordinance depend on the notice to be served by the president or clerk, leaving it, as appellee contends, to the discretion of these officers when and in what manner such notice shall be given.

The ordinance in question is certain and definite in its requirements respecting the grade fixed for appellee's road at the crossings. Nothing in this regard is left to the discretion of any person or committee. When the ordinance was passed and published, it then became a valid mandate issuing from the proper authority and it was then the duty of appellee to comply with the same. The fallacy of appellee's position arises from the assumption that the ordinance was not in force until the notice was given, as a preliminary step to enforcing the penalty. The matter of giving notice is a provision exclusively for the benefit of appellee, and it would be absurd to hold that because the village had graciously provided that before it would proceed to impose the penalty, notice should be given and an opportunity afforded appellee to comply with a plain duty, which it owed irrespective of the notice, thereby appellee was relieved from obeying the ordinance.

We are aware that many cases can be found applying the general principle that legislative power cannot be delegated, but these cases are distinguishable from the case at bar, in that there is some matter or thing pertaining to the substance of the power granted that is delegated to some person or committee. City of East St. Louis v. Wehrung, 50 Ill. 28; Foss v. City of Chicago, 56 Ill. 354; Bibel v. People, 67 Ill. 172; Hickey v. C. & W. Ind. R. R. Co., 6 App. 172, are cases of this class, in all of which ordinances were held invalid because they sought to delegate legislative power. Had the ordinance in question provided that the appellee should lower or raise its grade at such places and in such manner as shall be determined by the mayor or city engineer, then it would clearly be a delegation of a power that the village board alone could exercise and would for that reason be void. Appellee insists that the

limit of recovery, if any recovery can be had, would be for one offense only and that the provision in the ordinance for a penalty for each day such structure, embankment or railroad, right of way shall be allowed to remain after such notice, is void. Even if that were true, the demurrer here was general, and if the declaration shows a cause of action for any amount of fine, the demurrer should have been overruled. We are, however, inclined to the opinion that it is within the power of the village to make a continuance of the unlawful structure at the street crossings a substantive offense for each day after due notice, and that the ordinanse in question clearly shows that it was intended to make each day the structure was continued a distinct offense, and that a cumulation of these penalties may be recovered in one action up to the limit of the jurisdiction of the court. Hensoldt v. Town of Petersburg, 63 Ill. 111.

The judgment will be reversed and the cause remanded, with directions to the County Court to overrule the demurrer.

*Reversed and remanded.*