## City of Chicago v. Edward T. Noonan.

### Gen. No. 11,984.

1. TRESPASS—*when removal of sidewalk by city does not constitute.* Where the owner of land subdivides the same, dedicating certain parts thereof as public streets, he cannot complain successfully in an action of trespass of the acts of the municipality in entering upon said dedicated land and tearing up the sidewalks built thereon by him, and failing to replace the same, in connection with the making of a sewerage improvement, such acts being within the power of the city, regardless of whether the dedication was statutory or at common law.

Action of trespass. Error to the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1904. Reversed. Opinion filed June 15, 1905.

WILLIAM D. BARGE, for plaintiff in error; EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel.

HAMLIN & BOYDEN, for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

Defendant in error was plaintiff and plaintiff in error was defendant in the trial court and will be so referred to here. The suit is in trespass, and the declaration contains two counts. In the first count it is averred, in substance, that plaintiff is lawfully possessed of certain described lots in each of three subdivisions in the city of Chicago, which, with the streets and sidewalks appurtenant thereto, plaintiff hitherto has rightfully used and enjoyed, and that April 28, 1896, and on divers other days between said date and the commencement of this suit, the defendants, with force and arms, broke and entered upon said lands and the sidewalks thereto appurtenant, and, with a dredging machine, shovels and other instruments, broke in pieces, damaged and destroyed 4,000 feet of said sidewalk, the same being about six feet in width and of the value of $2,500.

The second count differs from the first only in that it contains the following averments:

"That on, to-wit: the 28th day of April, A. D. 1896, and on divers other days, the said defendant, City of Chicago, notwithstanding its duty as aforesaid, wilfully and wrongfully aided and abetted the said defendant, William T. Healy, to damage and destroy the said sidewalks, and to dig up and subvert the earth and soil in said streets, and throw said earth and soil into large heaps, and said William T. Healy did, wrongfully and negligently, with the knowledge and consent of said City of Chicago, notwithstanding its duty as aforesaid, at the time aforesaid, with a large machine commonly called a dredging machine, and with shovels and other instruments, damage and destroy the said sidewalks and cause the earth and soil in said streets to be subverted and thrown into large heaps, by reason whereof said streets and sidewalks became and were out of repair and impassable to travel and the ingress and egress to said lands and premises, so abutting on said streets and sidewalks greatly impaired and obstructed, and from thence hitherto said streets

and sidewalks have so remained out of repair and in impassable condition, and the ingress and egress to said lands and premises greatly impaired and obstructed, whereby the said lands and premises of the plaintiff were and are greatly damaged and reduced in value, to the damage of the plaintiff of twenty-five hundred ($2,500) dollars, therefore he brings his suit, etc."

The suit was dismissed as to Healy.

The defendant pleaded the general issue, and the case was tried by the court, without a jury, by agreement of the parties. It appears from the evidence that the plaintiff owned the land, made the subdivisions in which the lots in question are, and dedicated the streets in the subdivisions on which the lots abut, to the city; also that the city contracted with one William T. Healy to lay sewers in the streets on which the lots in question front; that the streets were excavated by Healy by means of a dredge or steam plow or shovel, which had outstretching arms for the purpose of maintaining its equilibrium, and that, in using it, it was necessary to remove the sidewalks. There is no evidence that there was any entry or intrusion whatever by the defendant or Healy into or upon any of the plaintiff's lots. The only evidence as to damage is in reference to the removal of the sidewalks, which plaintiff's evidence shows were worth 30 to 32 cents per running foot. The court found for the plaintiff and rendered judgment for $2,263.90.

Counsel argue the question whether the city can or not be held liable on the doctrine of *respondeat superior*. We do not think the decision of this question necessary to the decision of the case. The real question is, whether trespass can be maintained against the city on the facts in evidence, and we think it clear that it cannot. There was no entry on any of the plaintiff's premises. Plaintiff testified that he made subdivisions and dedicated the streets in the subdivisions to the public. The city, by entering on the improvement of the streets, accepted the dedication, and if the plats of the subdivisions were statutory plats, and acknowledged and re-

corded as provided by the statute, the fee of the streets became vested in the city, as trustee for the use of the public. This is established by a long line of decisions, commencing with Haven v. Trustees of Ill. & Mich. Canal, 11 Ill. 554. Even in the case of a common-law dedication and an acceptance, although the fee remains in the dedicator, the city has control of the street, and may improve and use it for all legitimate purposes as a street. Marsh v. Village of Fairbury, 163 Ill. 401, 407; City of Chicago v. Ward, 169 Ill. 392, 403. Manifestly, then, trespass cannot be maintained for the improvement of a street, whether the dedication is a statutory or a common-law dedication, by either the original owner or his grantee. "A sidewalk is a portion of a public highway, appropriated, it is true, to pedestrians alone, but still open and free to all persons desiring to use and enjoy it as a public highway. It is as much a public highway, in the mode of its use, as the street itself." City of Chicago v. O'Brien, 111 Ill. 532, 536.

If the owner of a lot fronting on a street plants trees between the roadway and the sidewalk, for shade and adornment, the owner or his grantee has no title to the trees as against the public. Baker v. Town of Normal, 81 Ill. 108, cited with approval in City of Mount Carmel v. Shaw, 155 Ill. 37, 43. In the last case the court after referring to the general municipal incorporation act, say: "It" (meaning the city of Mount Carmel) "may do anything with its streets and sidewalks which is not incompatible with the end for which streets are established."

Counsel contend that plaintiff had a right of access and egress to and from his lots—an easement appurtenant to his lots which was his property. This may be conceded, and yet trespass would not lie for a temporary interference by the city with this right, in the making of a public improvement, which it was authorized by law to make. Besides, no damages for interference with the right of access and egress was proved, but only the cost of the sidewalks.

In Osgood v. City of Chicago, 154 Ill. 194, the court say: "The claim set up for loss of rent, by reason of obstruction

to access to and egress from the building during the progress of the work, cannot be sustained. That is not damage to property not taken, within the meaning of the constitution, but merely a burden incidentally imposed upon private property adjacent to a public work, and without which such improvements can seldom be made. As said by the Appellate Court: 'To construe the constitution as giving compensation for all temporary obstructions necessary when streets are being repaired, etc., even though thereby access to abutting property is for a time cut off, would be unreasonable.' "

The removal of sidewalks which the plaintiff paid for, and the failure of the contractor and the city to replace the walks (which it seems to us from the evidence they should have done) operated harshly for the plaintiff, but did not constitute a trespass, and however much we may regret the plaintiff's loss, we must decline to furnish additional illustration of the truth of the saying, "hard cases make bad law."

The judgment will be reversed.

*Reversed.*