## Village of Hampton v. Chicago, Milwaukee & St. Paul Railway Company.

### Gen. No. 4,610.

1. DEMURRER—*what not reached by*. The question as to whether a municipal corporation can recover under each of a number of different counts for violations of an ordinance or can only recover for one violation, upon the theory that there was but one, namely, a continuing violation, cannot be raised by demurrer but should be raised by motion to require an election under which of the several counts such municipality would proceed.

2. CHANGE OF GRADE—*power of municipality to fix recurring penalties for continuing violation of ordinance providing for*. A municipality has power to provide a penalty for each day that a railroad company shall fail to comply with an ordinance changing the grade of a street.

Action of assumpsit. Appeal from the Circuit Court of Rock Island County; the Hon. EMERY C. GRAVES, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded. Opinion filed March 10, 1906.

GEORGE W. WOOD, for appellant.

WILLIAM H. MEESE, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court. The village of Hampton brought an action of debt in the County Court against the Chicago, Milwaukee & St. Paul Railway Company to recover penalties for the maintenance and use of tracks at certain street crossings in said village at an elevation different from the grade established by an ordinance of the village adopted in 1902. The trial court sustained a general demurrer to the declaration, and defendant had judgment which judgment we reversed in 118 Ill. App., 621, and remanded the cause. In that opinion section four of said ordinance is set out. After that case had been appealed to this court, the village, on September 3,

1904, amended section four of said ordinance so that the part material here reads as follows:

"Section four. Be it further ordained that it shall be and is hereby declared to be unlawful to construct or maintain or use any embankment, railroad track or other structure in, along or across any of the streets or alleys of said village at any grade except the grade established by this ordinance, and any person or persons, company or companies, incorporated or unincorporated, having any embankment, railroad track or other structure in, along or across any of the streets or alleys of said village are hereby required to bring the same to the grade established by this ordinance, and any person or persons, company or companies, incorporated or unincorporated, who shall erect or construct any embankment, railroad track or other structure along or across any of the streets or alleys of said village, at any grade except the grade established by this ordinance, at any time, or shall maintain or use any embankment, railroad track or other structure in, along or across any of the streets or alleys of said village at any grade except the grade established by this ordinance at any time after forty days from the passage of this amendment to said ordinance shall be deemed guilty of a misdemeanor and shall be subject to a fine of Twenty-five (25) Dollars for each and every offense, and each day that any such embankment, railroad track or other structure is maintained or used at any grade, except the grade established by this ordinance, is hereby declared to be a separate offense, and such fines may be recovered in any manner provided by law."

On December 19, 1904, the village brought this action of debt against said railway company in the Circuit Court, and filed an amended declaration based upon daily violations of said amended ordinance after the expiration of the forty days specified in said amended section four. The amended declaration contained sixty-six counts, based on violations for sixty-six successive days. The court sustained a general demurrer to the amended declaration and dismissed the suit, and the village appeals.

In our former opinion between the same parties we held the ordinance valid, and practically disposed of every contention now made by appellee. It argues, as it did before, that the failure to comply with the ordinance can only be one offense, and for it there can be but one penalty inflicted, and that in any event the recovery cannot exceed $200. If so, that would not support a demurrer. Even if but one violation can exist and but one recovery be had, still each count of the declaration is good, and appellee could only have asked the court to compel appellant to elect upon which count it would proceed or to give an instruction limiting the recovery. But we adhere to our former opinion on these questions. Each count charged that defendant was a railroad company and had its railroad constructed along, upon and across the streets of said village (a municipal corporation of the State of Illinois organized under the general act for the incorporation of cities and villages), at a higher grade than the grade established by said ordinance (both the original ordinance and the amendment being duly set out), and more than forty days after the passage of said amendment, and that said defendant on the date named in such count (which date was different from that named in any other count) maintained and used a railroad grade or track at a grade higher than and different from that established by said ordinance. Paragraph 25 of section 1 of article 5 of the act relating to cities and villages gives city councils in cities and boards of trustees in villages power "to provide for and change the location, grade and crossings of any railroad." The power of municipalities to change the grade at which railroads cross streets is sustained by the principles laid down in People ex rel. v. A., T. & S. F. Ry. Co., 217 Ill., 594. If the failure of a railway company for weeks and months to comply with such an ordinance can only be a single offense, then, as the penalty for a single offense is limited to $200 by the 96th paragraph of said section of the statute above cited, it would follow that such a delinquent railway company could profitably pay one slight penalty for failing to comply with the ordinance, and could thereafter continue to disobey the

ordinance without the possibility of further punishment. It may be that the municipality could then enforce the ordinance by *mandamus;* but the railway company could resist such writ to the court of last resort without any risk of a further penalty; and if finally compelled to change its grade, could then do so with no further expense than if it had originally obeyed the ordinance. We are of opinion that municipalities are not so restricted in the power to enforce their ordinances, but that the statute was intended to give them power to prescribe penalties which will furnish an incentive to obedience to their ordinance. We therefore hold that the village had power to ordain that each day a railroad company maintains and uses a grade at variance with that established by ordinance, after the expiration of a reasonable period fixed for compliance, such disobedience shall be a separate offense, and punishable as such. There may therefore be a recovery for as many penalties as there are separate violations of the ordinance, no matter how great the aggregate sum, where, as here, the suit is brought in a court whose jurisdiction is unlimited in amount. If the suit had been brought before a justice of the peace, the recovery in a single suit would be limited to $200.

The judgment is therefore reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed and remanded.*