THE CHICAGO UNION TRACTION COMPANY

*v.*

THE CITY OF CHICAGO.

*Opinion filed October 23, 1906.*

1. SPECIAL ASSESSMENTS—*term "asphaltic cement" may be explained by parol.* In a proceeding to confirm a special assessment, the uncertainty of the term "asphaltic cement," used in the paving ordinance, may be explained by parol evidence showing that the term has a well understood and established meaning among contractors engaged in paving work.

2. SAME—*when the term "asphaltic cement" is sufficiently explained.* The term "asphaltic cement" is sufficiently explained by proof that it has a well known and established meaning among the paving contractors, notwithstanding it appears that different contractors used different proportions of asphalt and other ingredients in making the cement, where it is also shown that such difference in mixing the cement would have no effect upon the desirability of the work nor upon the contractors' bids.

3. SAME—*necessity for improvement is a question primarily for city council.* The necessity for a new combined curb and gutter along a street is a question primarily for the city council, and unless the evidence discloses that the action of the council was unjust, unreasonable and oppressive its decision must be upheld.

4. SAME—*what does not show that improvement was unreasonable.* Testimony of a witness that he had examined the old curbing and found it to be in good condition does not justify holding an ordinance for a new combined curb and gutter unreasonable, where it appears the witness had not examined the curbing below ground and had had no experience in curbing work, and where it is shown by the city that the curb was in bad alignment and would have to be largely re-set and that a new one would be more economical.

APPEAL from the County Court of Cook county; the Hon. DWIGHT C. HAVEN, Judge, presiding.

WILLISTON FISH, (JOHN A. ROSE, of counsel,) for appellant.

CHARLES H. MITCHELL, and FRANK JOHNSTON, Jr., (JAMES HAMILTON LEWIS, Corporation Counsel, and ROBERT REDFIELD, of counsel,) for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This is an appeal from the county court of Cook county from a judgment entered against the property of the appellant company confirming a special assessment levied to defray the costs of improving and paving Harvard street, in the city of Chicago, from South Campbell avenue to South Washtenaw avenue. The appellant company filed objections to such confirmation, which were overruled and judgment of confirmation entered.

In disposing of this case but two objections are before us for review, for in the argument of counsel herein none other are adverted to. These objections are, (1) that the ordinance does not comply with the statute, in that it does not specify the nature, locality, character and description of the proposed improvement, and is therefore void for uncertainty, insufficiency and informality; and (2) that the ordinance was unreasonable in providing for new curbs.

It is urged that the ordinance did not specify the nature, character and description of the improvement, as required by statute, in that the ordinance provided that the first course in the pavement, called "binder course," should be composed of broken limestone and *asphaltic cement,* and that the top course, or wearing surface, should be composed of *asphaltic cement,* sand and carbonate of lime. It is contended that the term "asphaltic cement," used in the ordinance, has no definite and certain meaning and that it is incapable of description, and, such being true, an improvement cannot be made thereof by special assessment. It is a well settled rule of law that parol evidence is admissible to explain the local or trade meaning of a word used in an ordinance, and it has been further held by us that when it is proved that the descriptive term used in an ordinance has a well known and established meaning, the apparent defect in the description will be removed. (*Kuester* v. *City of Chicago,* 187 Ill. 21, and cases there cited; *Chicago Union Traction Co.* v. *City of Chicago,* 222 id. 144.) In the case at bar it was shown

by the testimony of Mr. Kasson that the term "asphaltic cement" had a well defined meaning among contractors engaged in making street improvements.

It is urged, however, by appellant, that the witness was usurping the functions of the judge and jury in giving such answer. We do not so regard it. If it was a fact that the term had a well understood meaning among contractors engaged in this class of work it was competent evidence and proper to be shown, as this court has often held. *Shannon* v. *Village of Hinsdale,* 180 Ill. 202; *Holden* v. *City of Chicago,* 212 id. 289; *Beckett* v. *City of Chicago,* 218 id. 97.

It was disclosed by the proof that "asphaltic cement" might be, and often was, composed of different proportions of asphalt and other ingredients, and it is urged, therefore, that the term as used in the ordinance was not definite and certain, as required by the statute. This contention cannot be sustained. It seems to be true that different proportions of the asphalt and other ingredients are used where there is a variation in the kinds of asphalt; but it was clearly proven that the term as used in the ordinance was understood by contractors engaged in this class of work, and it was shown by the evidence of several witnesses that if the work was done in a workmanlike manner under the terms of the ordinance, it "would not make any difference what kind of 'flux' was used to bring about the desired result; it would not make any difference in the desirability of the work, in the contractor's bid nor in the result of the work." We think under this proof the term was sufficiently certain and was a substantial compliance with the requirements of the statute, which is all that is required. *Walker* v. *City of Chicago,* 202 Ill. 531, and cases there cited; *Chicago Union Traction Co.* v. *City of Chicago,* 215 id. 410.

The second objection is, that "the ordinance was unreasonable in providing for a new curb when the greater part of the old curb now in place is in good condition." Whether a new combined curb and gutter was needed was a question

primarily for the city council, and unless the evidence discloses the action of the city council in requiring the new curb and gutter was unjust, unreasonable and oppressive, their decision must be held final and conclusive. (*Hawes* v. *City of Chicago*, 158 Ill. 653; *Clark* v. *City of Chicago*, 214 id. 318; *Walker* v. *City of Chicago, supra; City of Chicago* v. *Wilson*, 195 id. 19; *Lamb* v. *City of Chicago*, 219 id. 229.) The evidence of one W. H. Figg seems to be relied upon by appellant to show that the ordinance was unreasonable in the respect claimed. He had examined the old curbing and found it to be in good condition, and said that he only found two stones cracked vertically and three or four horizontally. On cross-examination, however, this witness said that he did not examine the curb-stones below the ground, and also that he had had no experience in taking up and re-setting old curbing, nor did he know as to the life of a curb-stone. On the part of the appellee city, a witness, Mr. William Moore, testified that the old curb-stones were in bad alignment; that the old stones would have to be re-set; that the re-setting alone would cause a loss of from sixty to eighty per cent, which would require new curbing; that there would be no saving in using the old curbing and that the new combined curb and gutter would be a matter of economy. From the above evidence, which was substantially all upon the point, we cannot say that the requirement of the ordinance was unreasonable, unjust or oppressive, and under the authority of the cases above cited the objection was properly overruled.

The judgment of the county court of Cook county in overruling the objections and confirming the assessment is correct and is accordingly affirmed.

*Judgment affirmed.*

Mr. Justice Carter took no part in the decision of this case.