## Village of Franklin Grove, Appellee, v. Chicago & Northwestern Railway Company, Appellant.

### Gen. No. 6,073.

1. MUNICIPAL CORPORATIONS, § 90*—*when ordinance not void as unreasonable.* An ordinance of a village requiring a railroad company to erect, maintain and operate gates at each of four different crossings is not invalid as to all of such crossings merely because it is found to be unreasonable as to one of them, the provision for gates at any one of such crossings not being in any way inseparably connected with the provision for gates at the other streets.

2. MUNICIPAL CORPORATIONS, § 85*—*when provision in ordinance for daily penalty does not invalidate.* An ordinance providing for the erection and maintenance of gates at certain crossings is not void because it makes each day's failure to obey a separate offense.

3. RAILROADS, § 626*—*when requirement for gates at crossing reasonable.* Evidence in an action against a railroad company to recover penalties for failure to comply with the village ordinance requiring the erection and maintenance of gates at certain crossings,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

examined and *held* to show that such ordinance was reasonable as to one street but unreasonable as to others.

4. RAILROADS, § 626*—*when ordinance requiring operation of gates unreasonable.* A village ordinance providing for the erection, maintenance and operation of gates at street crossings in the village is unreasonable where it requires the gates to be operated the entire twenty-four hours of the day.

5. EVIDENCE, § 22*—*when court will take judicial notice of railroad conditions.* In an action against a railroad company to recover fines for failure to comply with an ordinance regulating the erection, maintenance and operation of gates at crossings in the village, the court will take judicial notice of conditions which ordinarily exist in a rural community, and that after the affairs of the day and evening are ended, the ordinary statutory signals of bell and whistle and the headlights of the trains are sufficient for a period extending at least from midnight to six a. m.

6. RAILROADS, § 626*—*when penalty for failure to maintain and operate crossing unreasonable.* In an action to recover penalties for failure of defendant railroad company to comply with a village ordinance requiring the erection, maintenance and operation of gates at certain street crossings in the village under a penalty of from $10 to $200 for each violation thereof, the provision for the penalty renders the whole ordinance unreasonable and void, for the reason that it would permit a verdict against the defendant of a disproportionately large sum.

7. RAILROADS, § 626*—*when not estopped to question of validity of ordinance.* The fact that a railroad company has erected and maintained gates at one of four crossings at which said gates are required by village ordinance does not estop it to question the validity of such ordinance in an action to recover penalties for its failure to comply with the provisions as to the other crossings.

8. RAILROADS, § 626*—*how ordinance relative to crossings affected by Public Utilities Act.* Quaere, as to what effect the adoption of the Public Utilities Act (Laws 1913, p. 455) has upon the right of a village to adopt an ordinance requiring a railroad company to erect, maintain and operate gates at crossings in the village and to provide a penalty for failure to comply therewith.

Appeal from the Circuit Court of Lee county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the April term, 1915. Reversed with finding of facts. Opinion filed October 20, 1915.

# C. B. MORRISON, HENRY S. DIXON and GEORGE C. DIXON, for appellant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Trusdell, Smith & Leech, for appellee.

Mr. Presiding Justice Dibell delivered the opinion of the court.

The Chicago and Northwestern Railway Company operates a double track railway through the Village of Franklin Grove, running from a direction north of east to south of west, and the line is straight in and a long distance on either side of said village. It is crossed by four north and south streets in said village, which counting from east to west are named Sycamore, Elm, Spring and State. On August 4, 1913, the board of trustees of the village passed an ordinance requiring the railway company, not later than November 1, 1913, to erect and thereafter to maintain and operate gates at each of said four crossings and provided a penalty for failure to so erect, maintain and operate said gates, or either of them, of not less than $10 nor more than $200, and the ordinance provided that each day of such failure should be a separate offense. About one year thereafter the railway company erected and has since maintained gates at Elm street, but has not erected gates at either of the other crossings. On April 3, 1914, and before the erection of said gates at Elm street, the village began this action of assumpsit against the railway company to recover penalties for noncompliance with said ordinance. The railway company filed a plea of the general issue and a plea that said ordinance was unreasonable and void and therefore it is not bound to construct and maintain any gates and is not liable to any penalty for failure to do so. There was no replication to this second plea, but the parties went to trial and thereby waived a formal issue. A jury was waived, proofs were heard, the court by a proposition given for the defense held the ordinance invalid as to Spring street, found the issues for plaintiff and gave judgment for $150, from which the railway company appeals.

It is contended that since the court found the ordinance unreasonable and void as to Spring street, therefore the entire ordinance should have been found void. It was held in *White v. City of Alton,* 149 Ill. 626, to be "a well settled principle, applicable to by-laws and ordinances, that if the provisions relating to one subject-matter be void and as to another they be valid, and the two are not necessarily or inseparably connected, they may be enforced as to the valid portion as if the void portion had been omitted." This principle has been announced and applied in many different ways in *Nelson v. People,* 33 Ill. 390; *Kettering v. City of Jacksonville,* 50 Ill. 39; *Harbaugh v. City of Monmouth,* 74 Ill. 367; *Baker v. Town of Normal,* 81 Ill. 108; *City of Quincy v. Bull,* 106 Ill. 337; *Poyer v. Village of Des Plaines,* 123 Ill. 111; *Wilbur v. City of Springfield,* 123 Ill. 395; *Donnersberger v. Prendergast,* 128 Ill. 229; *Freeport St. Ry. Co. v. City of Freeport,* 151 Ill. 451; *City of Belleville v. Citizens' Horse Ry. Co.,* 152 Ill. 171. The provisions for gates at one of these streets is not in any way inseparably connected with the provision for gates at the other three streets, and therefore the trial court was not required to find the ordinance unreasonable as to the other streets because it was unreasonable as to Spring street.

It is contended by the railway company that the ordinance is void because it makes each day's failure to obey it a separate offense. We are of opinion that that provision was valid, and that if the city could only impose a single penalty for a perpetual failure to obey a valid ordinance, then under the 98th clause of section 1 of article V of the Act pertaining to cities and villages (J. & A. ¶ 1334 [98]), which limits cities to a fine or penalty of $200 for each violation of an ordinance, this would result in making such a fine or penalty entirely insufficient to procure the enforcement of the ordinance. This court is committed to the principle that each day may be made a separate offense. *Village of*

*Hampton v. Chicago, M. & St. P. Ry. Co.*, 118 Ill. App. 621, and 125 Ill. App. 412. It is perhaps implied in *Village of Altamont v. Baltimore & O. S. W. Ry. Co.*, 184 Ill. 47, that such a provision is valid, if embodied in an ordinance. In Horr & Bemis on Municipal Police Ordinances, sec. 152, it is said that it is lawful to provide an initial fine for creating a nuisance and an additional fine for each day of its continuance. We hold the ordinance not void because of the daily penalty prescribed therein.

Franklin Grove has less than six hundred inhabitants within the municipality. It has been decreasing in population for many years. Outside the municipality it has a population of about one hundred. Two-thirds of this village population is south of the railway. Its business portion is south of the railroad and all of its churches but one. Its depot and stock yards and other structures are south of the railway. The proof largely consisted of the results of counting the number of foot passengers, teams and automobiles passing over the railway tracks at each street crossing on numerous days specified; and of the statement by witnesses of a few accidents and several near accidents caused by people going or driving upon the track when a train was approaching; and of the description of how trees and buildings interfere with the view of travelers on the highway approaching the crossings at certain places; and of proof that outside of the village but near by, a campmeeting is held six days each year and a chautauqua on the same grounds eleven days each year. It would be impracticable to recite this evidence in this opinion. We think it is sufficient to say that, upon a consideration of this evidence, the court is of opinion that it is reasonable to require gates at Elm street, now known as the Lincoln Highway; that it is unreasonable to require gates to be maintained at Spring and State streets, and that the majority of the court are of the opinion that it is unreasonable to require gates at Syca-

more street. The writer of this opinion concludes that because of the six tracks crossing Sycamore street and the obstruction to the view caused by the depot and other buildings, it is reasonable to require gates to be maintained at the latter street.

We are of opinion that the ordinance is unreasonable in its entirety in two other respects. It requires the gates to be operated the entire twenty-four hours of the day. We are of the opinion that in this rural community we may take judicial knowledge of the conditions which ordinarily exist and that after the affairs of the day and evening are ended and the silence of night prevails, the ordinary statutory signals of bell and whistle and the headlights on all trains, necessarily visible a long distance on this straight track, are all that should be required of the railroad company, at least from midnight to six a. m. and perhaps for a somewhat longer period. The ordinance permits a penalty of from $10 to $200 for each violation thereof. This would allow a jury to assess a penalty of $73,000 for the failure to erect any one of these gates for a year, or $292,000 for failure to erect the four gates for one year. The penalty should be sufficient to insure obedience, and $10 a day would be a reasonable penalty, and perhaps $25 a day, but a provision which would permit a jury to return a verdict for so large a penalty in our opinion makes the whole ordinance unreasonable and therefore void.

The village contends that the railway company has conceded the validity of this ordinance as to Elm street and that the judgment is much less than the penalties which might be imposed for the failure for nearly one year to erect and maintain gates at that street, and therefore the judgment must be affirmed, regardless of the view the court takes of the validity of the ordinance as to the other streets. We find no place in the record or briefs where the railway company concedes the validity of the ordinance as to Elm street. On

the contrary, it insists that it is void as to that street. The fact that it finally concluded to comply is not a confession that the ordinance is valid. It ought to be stated that the railway company maintained a flagman at Elm street before this ordinance was adopted and that it has been customary for it to place a flagman at the other streets during the continuance of said chautauqua and said campmeeting, and it may well be that it would be reasonable for the city to require a flagman on those streets during those assemblages, both in the daytime and in the evening.

The Act for the Regulation of Public Utilities (Hurd's Rev. St., ch. 111a) was passed before this ordinance was adopted and went into force before this suit was begun. We suggest the question whether, under section 57 and other sections of that act, the city can now enforce any such ordinance except through the State Public Utilities Commission. For the reasons stated the judgment is reversed.

*Reversed with finding of facts.*

Finding of facts to be incorporated in the judgment.

We find from the evidence that the ordinance in question is unreasonable in requiring gates to be operated at Elm street crossing the entire twenty-four hours of each day, and that the penalty provided for each violation of the ordinance is unreasonable. We find that the ordinance is unreasonable in requiring gates to be erected and maintained at State Street and Spring street. The majority of the court find the ordinance unreasonable in requiring gates to be erected and maintained at Sycamore street.