## Village of Ramsey, Appellant, v. L. H. Hayes et al., Appellees.

1. APPEAL AND ERROR, § 613*—*when question not raised on motion for new trial may not be raised on appeal.* Where the question of the right to a new trial, because of the action of the attorney of the adverse party in insisting in propounding improper questions to the jurors in their examination after objections to the questions were sustained by the trial court, was not raised on the motion for new trial it cannot be raised on appeal.

2. APPEAL AND ERROR, § 1502*—*when action of counsel in insisting upon propounding improper questions to jurors in their examination harmless error.* The action of the attorney of the adverse party in insisting in propounding improper questions to the jurors in their examination after objections to the questions were sustained by the trial court is harmless error where objections to such additional questions were sustained by the trial court.

3. MUNICIPAL CORPORATIONS, § 868*—*when recovery for only one violation of penal ordinance in single count allowed.* Recovery can be had for only one violation of a penal ordinance in a single count, especially where the question is raised in apt time in the trial court by special demurrer.

4. PLEADING, § 25*—*when count bad for duplicity.* Different causes of action should not be joined in the same count, but they should be separately stated.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CXCIX 11

5. MUNICIPAL CORPORATIONS, § 863*—*when each violation of ordinance separate cause of action.* Each violation of a penal ordinance constitutes a separate cause of action and should be separately stated.

6. MUNICIPAL CORPORATIONS, § 866*—*when fixing of amount of penalty for violation of ordinance for jury.* The fixing of the amount of the penalty for the violation of a penal ordinance is peculiarly for the jury, and their action in fixing the penalty at the minimum will not be disturbed where they have been properly instructed.

Appeal from the Circuit Court of Fayette county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 17, 1916. Rehearing denied May 25, 1916.

F. M. GUINN, for appellant.

ALBERT & ALBERT, for appellees.

MR. JUSTICE BOGGS delivered the opinion of the court.

An action of debt was brought by the Village of Ramsey, appellant, against T. J. and L. H. Hayes, appellees, in the Circuit Court of Fayette county, to recover the penalty for the alleged violation of a city ordinance of said city against the sale of intoxicating liquors in quantities of less than one gallon, without having a license therefor.

The declaration consisted of three counts. The first count after setting out that appellant is a municipal corporation, duly incorporated, etc., and after reciting the ordinance above referred to, charges that on the first day of January, 1913, and on each and every day from that time to the bringing of this suit, the defendants, T. J. Hayes and L. H. Hayes, did sell and give away intoxicating liquors to various persons within the corporate limits of the Village of Ramsey, contrary to the provisions of said ordinance. The second count is substantially the same as the first count except that it charges that appellees acted and confederated together

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

in making sales. The third count is substantially the same as the first. A general and special demurrer was filed to the declarations. The special demurrer sets forth that each of said counts were bad for duplicity for the reason that they each set forth more than one cause of action. The demurrer was overruled. Pleas were filed and issue joined. The trial resulted in a verdict in favor of the appellant for sixty dollars. A motion for a new trial was made and overruled and judgment was rendered on the verdict, from which judgment this appeal is prosecuted.

Appellant insists that the judgment should be reversed, first, because appellee propounded improper questions to the jurors on their examination, second, that the verdict is against the manifest weight of the evidence, and third, that the court erred in giving appellee's third, fourth and fifth instructions.

This suit was originally brought against T. J. and L. H. Hayes, but on the trial of said cause the same was dismissed as to the defendant, T. J. Hayes, and was prosecuted as to L. H. Hayes alone. It is insisted by appellant that the trial court should have granted a new trial for the reason that appellee insisted in propounding improper questions to the jurors in their examination after the objection had been sustained to the questions by the trial court. Appellant is not in a position to raise this question for the reason that it did not raise it on the motion for a new trial, and not having so raised it, he cannot now raise it here. It may be added, however, in every instance when the questions that it is now insisting are improper were propounded to the jurors by appellees and objection was made, the trial court sustained the objection, so we do not believe, even though the question were properly presented, that the irregularity was of sufficient consequence to require a reversal of the case.

It is next contended by appellant that the court should have granted a new trial for the reason that the

verdict of the jury is against the manifest weight of the evidence. The evidence on the part of appellant tended to show that appellee, who was a physician practicing in the Village of Ramsey, sold intoxicating liquors to various persons contrary to the provisions of the ordinance in question. The evidence on the part of appellee tended to show that in his practice as a physician he was prescribing medicines containing, as their basis, diluted alcohol, and that the medicines as prescribed and sold by him were proper medicines to be administered in each particular case. Appellee, however, admitted that on at least two different occasions he took orders for certain persons in said village for liquors which he purchased for and delivered to them, they paying him for the same. The penalty provided by said ordinance had as its minimum amount twenty dollars, and as its maximum amount one hundred dollars for each offense. The verdict rendered by the jury was for sixty dollars. Appellant contends that under the declaration filed in said cause, the village was entitled to recover under each of said counts for as many sales as may have been made by said appellee in violation of said ordinance.

The contention of appellant raises the question as to whether recovery could be had under a single count for more than one violation of a penal ordinance. No authority directly in point has been cited by counsel for either the appellant or appellee, and we have been unable from the examination we have been able to make to find any authority in this State squarely in point. It is our opinion, however, that following the reasoning of the common law and of the law as laid down by the Supreme Court and Appellate Courts, that recovery can be had for only one violation of a penal ordinance in a single count. Especially do we believe this to be true where the specific point is raised in apt time in the trial court by special demurrer. *Village of Hampton v. Chicago, M. & St. P. Ry. Co.,*

118 Ill. App. 621; *Town of Whitehall v. Meaux*, 8 Ill. App. 182; 5 Encyc. Pldg. and Prac. 307-327; 16 Encyc. Pldg. and Prac. 282.

In the *Town of Whitehall v. Meaux, supra,* the court at page 183 says: ''We understand the law to be that each violation of the ordinance constitutes a separate cause of action, for which the plaintiff is entitled to recover not less than twenty-five nor more than one hundred dollars.''

In 16 Encyc. of Pldg. and Prac. 282, the author says: ''Different causes of action must not be joined in the same count, but should be separately stated.''

It is lastly contended by appellant that the court erred in giving the third, fourth and fifth instructions given on behalf of appellee, but in view of what we have said with reference to the question of the right of the appellant to recover for only three separate offenses under its declaration, we do not deem it necessary for us to consider the objection urged by appellant to these instructions

Appellant seems to think that the jury should have fixed more than the minimum penalty for each offense for which the jury found the defendant guilty. However, the fixing of the amount of the penalty is peculiarly for the jury, and unless the court has by improper instructions misdirected the jury in that regard, their finding should not be disturbed.

Finding no reversible error in this record the judgment of the trial court will be affirmed.

*Judgment affirmed.*